DECISION. *Page 2 
{¶ 1} The state of Ohio appeals the dismissal of an indictment for four counts of rape that had been filed against defendant-appellee, James F. Love. For the reasons that follow, we reverse the dismissal and remand the cause for further proceedings.
 The Indictment and the Motion for a New Trial {¶ 2} In 1996, Love was indicted for raping a 12-year-old girl named Sarah. In count one of the indictment, the state alleged that Love had raped Sarah "on an undetermined date" in 1990." In count three, Love was alleged to have raped Sarah on an undetermined date in 1988, and in counts four and five, on undetermined dates in 1989.
 {¶ 3} After a jury trial, Love was convicted of the four counts of rape, and this court affirmed the convictions.[1]
 {¶ 4} Love filed a motion for a new trial based on newly discovered evidence indicating that he had been out of the country for a portion of the time during which, Sarah testified, he had committed the rapes. The trial court overruled the motion, but this court reversed the trial court's judgment, holding that the alibi evidence disclosed a strong possibility that the outcome of the trial would have been different.[2] Accordingly, we remanded the cause for a new trial.[3]
 The Motion to Dismiss and Double Jeopardy {¶ 5} On remand, Love and the state entered into a stipulation that Love had been out of the country from November 17, 1988, until May 17, 1989, and from May 21, 1989, until July 20, 1989. The state filed an amended bill of particulars alleging *Page 3 
that the offenses had occurred "on or about undetermined dates during the later [sic] half of 1989 through April 2, 1990."
 {¶ 6} Love filed a motion to dismiss the indictment, arguing, among other things, that a retrial of the offenses would have constituted a denial of his right to be free from double jeopardy. The trial court granted the motion to dismiss, but it did not specify its grounds for doing so.
 {¶ 7} In a single assignment of error, the state now argues that the trial court erred in granting Love's motion to dismiss. We begin with the issue whether the dismissal was required to protect Love's double-jeopardy rights.
 {¶ 8} R.C. 2945.82 provides that "[w]hen a new trial is granted by the trial court, or when a new trial is awarded on appeal, the accused shall stand for trial upon the indictment or information as though there had been no previous trial thereof." Accordingly, the Supreme Court of Ohio has held that a defendant may be retried after the reversal of a conviction, because the state and the defendant are placed in the same position they were in before trial.[4] This is in accordance with the "fundamental, long-settled principle `that a successful appeal of a conviction precludes a subsequent plea of double jeopardy.'"[5]
 {¶ 9} Love notes, though, that the stipulation established that the offenses could not have occurred on certain of the dates indicated by Sarah at trial. He contends, therefore, that the jury's guilty verdict was erroneous and that the later stipulation amounted to a constructive acquittal as to those dates.
 {¶ 10} We find no merit in Love's argument. As the state correctly notes, the jury did not find that Love had committed the offenses on any specific dates. Its *Page 4 
general verdict merely indicated that it had found Love guilty of committing the offenses.
 {¶ 11} The newly discovered evidence did not mean that the charges had been fabricated or were groundless; as this court recognized in LoveII, there remained the possibility that Sarah had merely been confused or mistaken about the times of the offenses.[6] Accordingly, the later stipulation did not require a finding that the jury had erroneously convicted Love of the offenses and that he was entitled to an acquittal.
 Motion to Dismiss Based on Evidentiary Arguments {¶ 12} In a similar vein, the state's stipulated inability to prove that the offenses had occurred during a certain portion of the indictment period was not a proper basis for dismissal of the indictment.
 {¶ 13} A motion to dismiss can raise only matters that are capable of determinati0n without a trial of the general issue.[7] If a motion to dismiss requires the examination of evidence beyond the face of the indictment, the issue must be presented in a motion for acquittal at the close of the state's case.[8] Thus, even where the state and the defendant have stipulated the facts that form the basis of the charges, a motion to dismiss is premature, because there is no equivalent for a motion for summary judgment in criminal proceedings.[9]
 The Amended Bill of Particulars {¶ 14} And in any event, the bill of particulars had been amended to reflect that the crimes had not been committed during the period covered by the alibi. Love argues that the amendment created an "alternate theory of guilt" intended to give the *Page 5 
state a second chance to prove the same offenses. So we must determine whether the amendment of the bill of particulars was proper.
 {¶ 15} Crim. R. 7(D) permits the amendment of a bill of particulars "at any time before, during, or after a trial * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." An amendment to a bill of particulars is improper only where the defendant is unduly prejudiced or misled.[10]
 {¶ 16} In this case, there was no change in the name or identity of the crimes that were charged. The bill of particulars was amended merely to correct the variance with the evidence that the stipulation had created. In light of the rule that the parties are placed in the same position that they would have been in had the trial not occurred, the amendment was proper.
 {¶ 17} And Love's contention that the amendment created a "alternate theory of guilt" is not persuasive. There was no new theory of guilt, only a change in the period of time that the offenses were alleged to have occurred. Once again, there was the possibility that Sarah had been confused or mistaken about when the offenses had occurred, and Love may certainly use her previous testimony to impeach her in the new trial. But there has been no showing that Love was unduly prejudiced or misled and therefore no showing that the amendment of the bill of particulars was improper.
 {¶ 18} Love emphasizes that the state failed to request findings of fact and conclusions of law after the trial court had dismissed the indictment.[11] He argues that the state's failure requires this court to affirm the dismissal if there was any *Page 6 
basis to support that judgment. Our review of the record reveals no basis for the dismissal, and the state's failure to request findings of fact and conclusions of law was therefore irrelevant.
 Sufficiency of the Evidence {¶ 19} Finally, Love argues that the conviction on count one of the indictment was not supported by sufficient evidence. Love did not raise that issue in the direct appeal of the conviction, [12] and the matter is therefore res judicata. And in any event, Love's argument is again directed to Sarah's inability to recall the exact times that the rapes had allegedly occurred, an issue we have already addressed. Thus, we find no merit in Love's claim that the evidence was insufficient.
 Conclusion {¶ 20} Love sought a new trial in the previous appeal, and this court ordered precisely that remedy. There was no impropriety in the state's continued prosecution of the case and no basis for a dismissal of the charges. Accordingly, we sustain the state's assignment of error. We reverse the trial court's judgment and remand the cause for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
HENDON and DINKELACKER, JJ., concur.
[1] See State v. Love (June 4, 1997), 1st Dist. No. C-960499 (LoveI).
[2] See State v. Love, 1st Dist. Nos. C-050131 and C-050132,2006-Ohio-6158 (Love II), which includes a complete statement of the facts.
[3] Id. at ¶ 70.
[4] State v. Liberatore, (1982), 69 Ohio St.2d 583, 433 N.E.2d 561, paragraph two of the syllabus.
[5] State v. Keenan, 81 Ohio St.3d 133, 141, 1998-Ohio-459,689 N.E.2d 929, quoting United States v. Scott (1978), 437 U.S. 82, 89,98 S.Ct. 2187 (emphasis added in Keenan).
[6] Love II, supra, at ¶ 51.
[7] Crim. R. 12(C); State v. Ethridge, 8th Dist. No. 87859,2006-Ohio-6768, at ¶ 5; State v. Serban, 5th Dist. No. 2006 CA 00198,2007-Ohio-3634, at ¶ 25.
[8] Serban, supra, at ¶ 26.
[9] Id. See, also, State v. Scott, 174 Ohio App.3d 446,2007-Ohio-7065, 882 N.E.2d 500, IJ9.
[10] See State v. Buttrom (Dec. 11, 1998), 1st Dist. No. C-970406, citing State v. Brown (1993), 90 Ohio App.3d 674, 684, 630 N.E.2d 397, and State v. Williams (1988), 53 Ohio App.3d 1, 3-4,557 N.E.2d 818.
[11] See Crim. R. 12(F).
[12] See Love I, supra. *Page 1