JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's decision granting the motion to dismiss filed by defendant-appellee, Robert Ethridge. Finding merit to the appeal, we reverse and remand for further proceedings.
 {¶ 2} In 2005, Ethridge was charged with possession of a deadly weapon in a school safety zone and aggravated menacing. Ethridge moved to dismiss the weapons charge, arguing that the applicable statute was unconstitutional because it was void for vagueness. He also made various factual allegations and statements, without any supporting evidence or documentation. In 2006, the trial court granted Ethridge's motion to dismiss, finding that "the allegations contained in Count One of the indictment fail to raise a cognizable offense under Ohio criminal law."
 {¶ 3} The State argues in its sole assignment of error that the trial court erroneously granted a pretrial summary judgment in favor of Ethridge before the information upon which it relied had been admitted into evidence.
 {¶ 4} "Where a trial court's order is based on an erroneous standard or a misconstruction of the law, it is not appropriate for a reviewing court to use an abuse of discretion standard. In determining a pure question of law, an appellate court may properly substitute its judgment for that of the trial court, since an important function of appellate courts is to resolve disputed propositions of law." Castlebrook, Ltd. v.Dayton Properties Ltd. Partnership (1992), 78 Ohio App.3d 340, 346,604 N.E.2d 808. See, also, Slowbe v. Slowbe, Cuyahoga App. No. 83079,2004-Ohio-2411.
 {¶ 5} In criminal matters, a motion to dismiss can only raise matters that are "capable of determination without a trial of the general issue." Crim. R. 12(C); State v. O'Neal (1996), 114 Ohio App.3d 335, 336,683 N.E.2d 105. Thus, in the criminal context, a motion to dismiss "tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant." State v. Patterson (1989), 63 Ohio App.3d 91, 95,577 N.E.2d 1165.
 {¶ 6} In the instant case, Ethridge was charged, pursuant to R.C. 2923.122, with possessing a deadly weapon in a school safety zone. He moved to dismiss this charge pursuant to Crim. R. 12(C)(2), arguing that R.C. 2923.122 was unconstitutionally void for vagueness. Although the trial court set forth the proper standard of review in its conclusions of law, it did not consider the constitutionality of R.C. 2923.122. More importantly, the trial court did not dismiss the charge on constitutional grounds. Although the trial court concluded that "the indictment failed to make out an offense under R.C. 2923.122," a review of the trial court's findings of fact and conclusions of law clearly shows that the court considered the alleged facts of the case and applied the relevant law. The court's action went beyond merely considering the face of the indictment. Where a trial court goes beyond the face of the indictment to consider evidence prior to trial, the trial court errs in granting a pretrial motion for acquittal. State v.Khalaf (June 7, 2000), Summit App. No. 19839.
 {¶ 7} The trial court's conclusions of law are entirely devoid of any analysis as to why R.C. 2923.122 is unconstitutional. Rather, the trial court made various factual conclusions which are not supported by the record. In fact, one conclusion of law states that "it is disputed that Ethridge's alleged violation of Revised Code 2923.122 occurred on school property, because at the time of Ethridge's arrest, he was detained on the street leading onto school property." However, in another conclusion of law, the trial court made the factual conclusion that Ethridge was not on the "school premises at the time of his arrest." We find that these two conclusions are contradictory and are irrelevant to the issue of whether the face of the indictment raises a cognizable offense under R.C. 2923.122.
 {¶ 8} Therefore, we find that the trial court erred in granting Ethridge's motion to dismiss the charge of possession of a weapon in a school safety zone. Although the trial court stated in its findings of fact and conclusions of law that the indictment failed "to raise a cognizable offense under Ohio criminal law," no constitutional analysis was conducted. Rather, the court made factual determinations which were unsupported by the record. Such findings were inappropriate for a motion to dismiss under Crim. R. 12(C).
 {¶ 9} Accordingly, the State's assignment of error is sustained.
Judgment reversed and case remanded for further proceedings.
It is ordered that appellant recover of appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, PRESIDING JUDGE
ANTHONY O. CALABRESE, JR., J. and MARY EILEEN KILBANE, J. CONCUR