OPINION *Page 2 
{¶ 1} Plaintiff-appellant State of Ohio appeals the decision of the Stark County Court of Common Pleas granting Defendant-Appellee Robert Serban's pre-trial Motion to Dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts of this case are not in dispute and are taken from the parties' joint exhibit number 1, "Stipulations of Facts":
 {¶ 3} "On Nov. 12, 2005 at approximately 12:38 a.m, Ohio State Patrol Troopers Haas, Castellanos, and Louive were dispatched to the area of Dueber Ave. and Camwise St. in Stark County, Ohio. Upon arrival Haas, Castellanos, and Louive observed a motor vehicle off the east side of the roadway that had collided with a utility pole south of Carwise [sic] St.
 {¶ 4} "Dueber Ave. in that area is a straight road. At the time officers arrived it was dark and cold. The pavement was dry. The vehicle exhibited heavy damage to the right side front, right side door, windshield, right side window, right quarter panel, right side mirror, roof, and hood. Additionally, the right font axle was bent and the truck bed was set off from the cab by approximately one foot.
 {¶ 5} "Based upon the damage to the vehicle, markings on the roadway, debris, and damage to items around the roadway, the Troopers were able to formulate an opinion about the vehicle's path of travel from their training and experience. The vehicle was traveling southbound on Dueber Ave. went off the right side of the roadway [sic] where it struck a mailbox. The truck then re-entered the roadway and crossed both lanes of travel before going off the opposite side of the road and striking the utility pole. *Page 3 
 {¶ 6} "[Serban] was the sole occupant of the vehicle at the time officers arrived. He was strung across the entire front portion of the vehicle. His legs were on the driver's floorboard and records would show that [Serban] suffered a head injury from the accident that resulted in permanent brain damage.
 {¶ 7} "A blood test was done at the hospital for purposes of medical treatment. However, the Aultman Hospital Laboratory is not certified by the Ohio Director of Health as required by State v. Mayl,106 Ohio St.3d 207, 833 N.E.2d 1216. As such the test is not admissible and thus evidence of the test would not be before the trier of fact to consider. Troopers did read the BMV 2255 form to [Serban] and requested that [Serban] submit to a blood test. [Serban] refused the test.
 {¶ 8} "[Serban] has at least five prior convictions of 4511.19 since. 1987 including: Stark County Common Pleas Court Cases 98CR0851 and 97CR0566; Massillon Municipal Court Cases 91TRC08578 on Feb. 9, 1993, 88TRC4712 Mon May 24, 1988; and Canton Municipal Court Case[s] 96TRC07422 on August 1, 1996[,] 95TRC10907 on Dec. 20, 1995, 94TRC07800 on Sept. 2, 1994, 93CTRC2126 on Sept.20, 1993, 92TRC5342 on Nov. 2, 1992, 87TRC9064 on April 4, 1988."
 {¶ 9} Following an investigation, Appellee Robert Serban was charged by indictment with one count of operating a motor vehicle under the influence of alcohol and/or a drug of abuse, a felony of the third degree, pursuant to R.C. 4511.19(A)(1)(a). The indictment also contained an O.V.I. repeat offender specification pursuant to R.C. 1941.1413.
 {¶ 10} At his arraignment, Appellee entered a plea of not guilty and the case was assigned to Judge Sara E. Lioi. *Page 4 
 {¶ 11} Discovery was exchanged. Appellee filed a request for a competency evaluation and was committed to Heartland Behavioral Health Center when the trial court found him to be incompetent to stand trial.
 {¶ 12} One month later, Appellee was restored to competency and a trial date was scheduled.
 {¶ 13} Appellee moved to suppress a blood test taken at Aultman Hospital for the purpose of medical diagnosis and treatment pursuant toState v. Mayl, which holds that when a blood-alcohol test is administered for the purpose of medical treatment, the State must show substantial compliance with Department of Health regulations governing the testing of blood samples in O.V.I. cases before the results are admissible in a prosecution depending upon proof of an O.V.I. violation.
 {¶ 14} At the suppression hearing, the State conceded that the blood test would not be admissible because Aultman Hospital is not certified by the Director of Health. The trial court granted the motion to suppress the blood result.
 {¶ 15} Appellee then moved to dismiss the indictment on the basis of this Court's decision in State v. Joy, Stark App. No. 2005-CA-00235,2006-Ohio-1923, appeal not allowed 110 Ohio St.3d 1467, 2006-Ohio-4288,852 N.E.2d 1215.
 {¶ 16} The State and defense counsel entered into joint stipulations of fact, which are recited above, and the parties argued the motion during a hearing. The State did not object to the posture of the hearing as a "Motion to Dismiss" even though the Criminal Rules do not specifically provide for a pre-trial motion to dismiss. *Page 5 
 {¶ 17} As the State acknowledged at the hearing, the prosecutor hoped to preserve the State's right to appeal the decision of the trial court and avoid a successful Crim.R. 29(A) motion at trial.
 {¶ 18} It was evident in pre-trial discussions that both parties and the trial court found Joy to be relevant precedent to the issues in this case. To test Joy's application to this case and future O.V.I. cases, the State reasoned that an appeal of right following the dismissal of the indictment in the case sub judice was the only chance the State had of possibly obtaining appellate review. As the trial court noted in its judgment entry, the State concurred with approaching the issue as a "motion to dismiss" in hopes of, at minimum, getting clarification from this Court on the weight to be given Joy.
 {¶ 19} In a Judgment Entry filed July 10, 2006, the trial court granted Appellee's motion and dismissed the indictment.
 {¶ 20} The State of Ohio now appeals from the trial court's dismissal of the indictment pursuant to R.C. § 2945.67(A).
 {¶ 21} This Court granted the State's motion to incorporate the parties' joint exhibit number one, "Stipulations of Fact" as part of the record.
 {¶ 22} The State of Ohio assigns the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 23} "I. THE TRIAL COURT ERRED IN SUSTAINING APPELLEE SERBAN'S PRETRIAL MOTION TO DISMISS WHEN SUFFICIENT EVIDENCE EXISTS TO CONVICT SERBAN OF O.V.I. EVEN IN THE ABSENCE OF A CHEMICAL (BLOOD) TEST OR STANDARDIZED FIELD SOBRIETY TESTS." *Page 6 
 I. {¶ 24} In its sole Assignment of Error, the State of Ohio argues that the trial court erred in sustaining Appellant's pre-trial motion to dismiss. We agree.
 {¶ 25} Upon review, we find that Appellee's motion to dismiss was premature in that it challenged the sufficiency of the indictment.State v. Brady, Eleventh Dist. App. No. 2005-A-0085, 2007-Ohio-1779. "A pretrial motion [to dismiss] must not entail a determination of the sufficiency of the evidence to support the indictment." State v.Riley (Dec. 31, 2001), 12th Dist. No. CA2001-04-095, citing State v.O'Neal (1996), 114 Ohio App.3d 335, 336.
 {¶ 26} A Crim.R. 12 pre-trial motion to dismiss cannot reach the merits or substance of the allegations as there is no equivalent of the civil rules' summary judgment procedure in the criminal arena. State v. Riley, 12th Dist. No. CA2001-04-095, 2001-Ohio-8618. Therefore, pre-trial motions to dismiss "can only raise matters that are capable of determination without a trial on the general issue." Id. at 4; see, also, State v. Patterson (1989), 63 Ohio App.3d 91, 95. It is the sufficiency of the indictment which is judged at this pre-trial stage.Akron v. Buzek, 9th Dist. No. 20728, 2002-Ohio-1960. If a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 at the close of the state's case. State v. Shaw, Franklin App. No. 02AP-1036, 2003-Ohio-2139, supra, citing State v. Brown (Apr. 26, 1999), Athens App. No. 98CA14.
 {¶ 27} "Such a determination cannot be properly made until, at the earliest, the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion." Id. at p. *Page 7 
5, citing State v. Carpenter, (Aug. 17, 1998) Butler App. No. CA98-02-034 (reversing dismissal of charge of importuning).
 {¶ 28} A claim which goes beyond the face of the indictment is improperly presented under Crim.R. 12, and should be presented at the close of the State's case as a Crim.R. 29 Motion for Acquittal.State v. Varner (1991), 81 Ohio App.3d 85, 86.
 {¶ 29} In Lorain v. Slattery (Sept. 22, 1999), 9th Dist. No. 98CA007140, the Ninth District Court in holding that a trial court cannot go beyond the face of the indictment when ruling on a motion to dismiss, stated:
 {¶ 30} "When a defendant in a criminal action files a motion to dismiss which goes beyond the face of the indictment, he is, essentially, moving for summary judgment.
 {¶ 31} "The Ohio Rules of Criminal Procedure, however, do not allow for `summary judgment' on an indictment prior to trial. State v.McNamee (1984), 17 Ohio App.3d 175; Akron v. Davis (July 31, 1991), 9th Dist. No. 14989. Since [the defendant's] claim went beyond the face of the indictment, he could present his challenge only as a motion for acquittal at the close of the state's case.
 {¶ 32} As a general rule, `premature declarations,' such as that presented [in a pre-trial motion to dismiss], are strictly advisory and an improper exercise of judicial authority. Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14, State v. Varner (1991), 81 Ohio App.3d 85, 86."
 {¶ 33} As there is no provision in the Ohio Rules of Criminal Procedure for a motion to dismiss which goes beyond the face of the citation, the trial court's *Page 8 
consideration of Appellee's motion to dismiss was an improper exercise of judicial authority.
 {¶ 34} As stated by the Slattery court, "[w]ere we to recognize the validity of such a procedure, trial courts would soon be flooded with pretrial motions to dismiss alleging factual predicates in criminal cases." Slattery, quoting Varner, 81 Ohio App.3d at 86.
 {¶ 35} Based on the foregoing, we find that it was premature for the trial court to grant Appellee's Motion to Dismiss based on stipulated facts. Appellee's motion went beyond the face of the indictment. Appellee's Motion to Dismiss did not challenge the sufficiency of the indictment as far as charging the proper offenses or the constitutionality of the offense charged.
 {¶ 36} Accordingly, we hereby sustain the State's sole assignment of error.
 {¶ 37} This matter is reversed and remanded to the trial court for proceeding consistent with the law and this opinion.
 Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is reversed and remanded for further proceedings consistent with his opinion.
Costs assessed to appellant. *Page 1