The STATE of Ohio, Appellant,

v.

SCOTT et al., Appellees.

[Cite as *State v. Scott,* 174 Ohio App.3d 446, 2007-Ohio-7065.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–061087 and C–061088.

Decided Dec. 28, 2007.

---

69.   R.C. 5808.13.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellant.

Wendy R. Calaway, for appellee Varian Scott.

Hugh P. McCloskey, for appellee Corey Troupe.

HILDEBRANDT, Presiding Judge.

{¶ 1} The state of Ohio appeals the dismissal of drug-trafficking charges and specifications against defendants-appellees, Varian Scott and Corey Troupe. We have consolidated the state's appeals for purposes of decision and judgment.

### The Offer to Sell

{¶ 2} In a single indictment, Scott and Troupe were charged with trafficking in cocaine under R.C. 2925.03(A)(1), with major-drug-offender specifications under R.C. 2925.03(C)(4)(g).

{¶ 3} The parties entered into stipulations of fact concerning the basis of the charges. According to the stipulations, Scott and Troupe had offered to sell 3,000

to 4,000 grams of cocaine to confidential informants. They showed one of the informants a sample of the cocaine, which appeared to have been of good quality.

{¶ 4} Police officers ultimately searched the car that Scott and Troupe had been using. They recovered 14.3 grams of cocaine in the armrest on the driver's side of the vehicle. They also confiscated from the trunk of the vehicle six separate packages containing benzocaine and other counterfeit controlled substances. The contents of the packages in the trunk weighed well over 1,000 grams, but it was undisputed that the packages did not contain any cocaine.

{¶ 5} Scott and Troupe filed motions to dismiss the trafficking charges and the specifications because the substances recovered from the trunk did not contain any detectable amount of the relevant controlled substance.

{¶ 6} The trial court granted the motions based on the decision rendered by the Supreme Court of Ohio in State v. Chandler,[1] in which the court held that a substance must contain some detectable amount of the relevant controlled substance to support a major-drug-offender specification under R.C. 2925.03(C)(4)(g). Other charges against Scott and Troupe, including fourth-degree felony charges for possessing the 14.3 grams of cocaine and various firearm charges, were not affected by the trial court's ruling.

{¶ 7} In a single assignment of error, the state now argues that the trial court erred in dismissing the charges and the specifications. Specifically, the state argues that the trial court misapplied Chandler in holding that the counterfeit substances could not form the basis of the trafficking charges and the specifications.

### The Motions to Dismiss Were Not Cognizable

{¶ 8} Although the issue is not raised in the parties' briefs, we address sua sponte the propriety of using the motions to dismiss, which were based on the sufficiency of the state's evidence, to resolve this case in the trial court.

{¶ 9} A motion to dismiss can raise only matters that are capable of determination without a trial of the general issue.[2] If a motion to dismiss requires the examination of evidence beyond the face of the indictment, the issue must be presented in a motion for acquittal at the close of the state's case.[3] Thus, even where the state and the defendant have stipulated the facts that form

---

1. 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234.

2. Crim.R. 12(C); State v. Ethridge, 8th Dist. No. 87859, 2006-Ohio-6768, 2006 WL 3743732, at ¶ 5; State v. Serban, 5th Dist. No. 2006 CA 00198, 2007-Ohio-3634, 2007 WL 2050315, at ¶ 25.

3. Serban, at ¶ 26.

the basis of the charges, a motion to dismiss is premature, because there is no equivalent for a motion for summary judgment in criminal proceedings.[4]

{¶ 10} In this case, the motions to dismiss challenged the sufficiency of the state's evidence to support convictions and were not properly heard prior to trial. The indictment was valid on its face, and all the elements of the charges and the specifications were properly alleged. Accordingly, the trial court erred in dismissing the charges, and we sustain the state's assignment of error.

{¶ 11} We reverse the trial court's judgments and remand the causes for further proceedings consistent with this decision.

Judgments reversed
and causes remanded.

SUNDERMANN and CUNNINGHAM, JJ., concur.

---

4. Id.