[Cite as *State v. Moore*, 2013-Ohio-5613.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130170 |
| | | TRIAL NO. 12CRB-19383 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| LELAND MOORE | : | |
| Defendant-Appellee. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 20, 2013


*John P. Curp*, City Solicitor, *Charles A. Rubenstein,* City Prosecutor, and *William T. Horsley,* Assistant City Prosecutor, for Plaintiff-Appellant,

*James Grey Wolf,* for Defendant-Appellee.

**HILDEBRANDT**, **Judge**.

{¶1}   The state of Ohio appeals the judgment of the Hamilton County Municipal Court granting what was styled as a "Motion to Suppress" by defendant-appellee Leland Moore.

### Moore's Arrest and Motion

{¶2}   On June 22, 2012, Moore was arrested for soliciting under R.C. 2907.24(A) and for loitering to engage in solicitation under R.C. 2907.241.   The arrest was made as part of a "reverse prostitution sting" in which Cincinnati police officers posed as prostitutes to ensnare persons soliciting sexual activity for hire.

{¶3}   On January 23, 2013, Moore filed a document styled "Motion to Suppress," with an accompanying memorandum.   In his memorandum, Moore argued that "[t]he state cannot show that the defendant solicited another to engage in sexual activity as such is statutorily required for the commission of the charged offenses."

{¶4}   Following an evidentiary hearing, the trial court granted Moore's motion.  The basis of the court's ruling was that the state "has failed to prove that the Defendant solicited Officer Mandy Hesselbrock * * * to engage in any of the acts identified within the definitions of 'sexual conduct' or 'sexual contact.' "   The court therefore held that there was no probable cause for the arrest and granted Moore's motion "in its entirety."

### Moore's Motion was not Cognizable

{¶5}   In a single assignment of error, the state contends that the trial court's judgment granting the motion was contrary to law.   We agree.

{¶6} Although framed as a motion to suppress, Moore's filing was in essence a motion to dismiss the charges based on an asserted lack of evidence that he had committed the offenses. The trial court's ruling, in turn, was based upon the same perceived deficiency in the state's case.

{¶7} A motion to dismiss can raise only matters that are capable of determination without a trial of the general issue. Crim.R. 12(C); *State v. Scott,* 174 Ohio App.3d 446, 2007-Ohio-7065, 882 N.E.2d 500, ¶ 9 (1st Dist.); *State v. Etheridge,* 8th Dist. Cuyahoga No. 87859, 2006-Ohio-6768, ¶ 5; *State v. Serban,* 5th Dist. Stark No. 2006 CA 00198, 2007-Ohio-3634, ¶ 25. If a motion requires the examination of evidence beyond the face of the indictment or complaint, the issue must be presented in a motion for acquittal at the close of the state's case. *Scott* at ¶ 9; *Serban* at ¶ 26. Thus, even where the state and the defendant have stipulated the facts that form the basis of the charges, a motion to dismiss is premature, because there is no equivalent for a motion for summary judgment in criminal proceedings. *Scott* at ¶ 9.

{¶8} In this case, Moore's motion challenged the sufficiency of the state's evidence to support the convictions, and the motion was therefore not properly heard prior to trial. The complaints were facially valid, and all of the elements of the charges were properly alleged. Accordingly, the trial court erred in granting the motion, and we sustain the state's assignment of error.

### Conclusion

{¶9} We reverse the trial court's judgment and remand the cause for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

HENDON, P.J., and DEWINE, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

3