[Cite as *State v. Carnes*, 2016-Ohio-8019.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150752 |
| | | TRIAL NO. B-1301227 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ANTHONY CARNES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 7, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Edward Felson*, for Defendant-Appellant.

STAUTBERG, Judge.

{¶1} The main issue presented in this appeal is whether a prior uncounseled juvenile adjudication that carried the possibility of confinement and that was obtained without an effective waiver of counsel can later be used by the state to prove the "disability" element in R.C. 2923.13(A)(2). The answer is yes.

{¶2} Defendant-appellant Anthony Carnes was indicted for having a weapon while under a disability ("WUD"), in violation of R.C. 2923.13(A)(2). Carnes's "disability" was a 1994 juvenile adjudication for an offense that would have constituted felonious assault had Carnes been an adult. Prior to trial, Carnes moved the court to dismiss his indictment. He argued that his adjudication could not be used by the state to prove the disability element of the WUD charge because Carnes had not been represented by counsel at his adjudication and because, according to Carnes, his waiver of counsel had been invalid. Along with his motion to dismiss, Carnes submitted to the court the certified record of his 1994 juvenile court proceedings. The trial court overruled Carnes's motion on the ground that Carnes's waiver of counsel had been valid. Carnes was later found guilty. The trial court sentenced him to 30 months' incarceration and costs. This appeal followed.

**The Propriety of Carnes's Motion to Dismiss His Indictment**

{¶3} At the outset, we must determine whether Carnes properly raised his argument in the trial court. The state contends that, regardless of the merits of Carnes's appeal, Carnes's motion to dismiss was properly denied because his motion went beyond the indictment itself, and relied upon the record from his 1994 juvenile court proceedings. The state cites our opinion in *State v. Scott*, 174 Ohio App.3d 446, 2007-Ohio-7065, 882 N.E.2d 500 (1st Dist.), in support of its position.

{¶4} In *Scott*, codefendants Varian Scott and Corey Troupe moved to dismiss their indictment on the grounds that the state could not prove that Scott and Troupe had trafficked in cocaine, and also could not prove the accompanying major

2

drug offender specifications. The defendants and the state stipulated to the fact that the "drugs" at issue did not contain cocaine. The trial court granted Scott and Troupe's motion. We reversed. We held that a motion to dismiss an indictment that challenged the sufficiency of the state's case was not a proper pretrial motion. *Scott* at ¶ 11. Our holding was based on our application of Crim.R. 12(C), which provides that "[p]rior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Scott and Troupe's motion challenged the sufficiency of the state's evidence—a "general issue" to be determined at trial. *Scott* at ¶ 8-9. We therefore held that the motion was improper under Crim.R. 12, and that the court should not have considered any evidence when ruling on the motion. *Scott* at ¶ 8-10; *see State v. Moore*, 1st Dist. Hamilton No. C-130170, 2013-Ohio-5613; *State v. Hoskins*, 1st Dist. Hamilton No. C-090710, 2010-Ohio-2454; *State v. Love*, 1st Dist. Hamilton No. C-080184, 2008-Ohio-6833. In *Scott*, we further held that Scott and Troupe's motion was improper as it was akin to a motion for summary judgment, which is not provided for in the Rules of Criminal Procedure. *Scott* at ¶ 9.

{¶5} *Scott* does not apply in this case. Here, Carnes was collaterally attacking the adjudication that formed the "disability" element of his WUD charge. Whether Carnes had validly waived his right to counsel in 1994 was not a "general issue for trial" on his WUD charge. And the Ohio Supreme Court has held that "Crim.R. 12 permits a court to consider evidence beyond the face of an indictment when ruling on a pretrial motion to dismiss an indictment if the matter is capable of determination without trial of the general issue." *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 3; *see* Crim.R. 12(F) (allowing the court to consider affidavits, testimony, and exhibits); *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 13-17 (where a motion to dismiss an

indictment does not require a trial of the general issue, a trial court may consider evidence beyond the four corners of the indictment).

{¶6} Because Carnes's pretrial motion to dismiss his indictment was capable of determination without trial of the general issue, the trial court properly considered evidence aside from the indictment itself when ruling on the motion.

### The Merits of Carnes's Motion

{¶7} In one assignment of error, Carnes contends that the trial court erred in failing to dismiss his indictment. We review this argument de novo. *State v. Thompson*, 1st Dist. Hamilton No. C-130053, 2013-Ohio-2647, ¶ 4.

{¶8} Carnes argues that the state should have been precluded from using his uncounseled 1994 juvenile adjudication to prove the "disability" element of his WUD charge because, according to Carnes, he had not validly waived his right to counsel in the 1994 case. We need not reach the issue of whether there was a valid waiver, however, because Carnes's motion failed as a matter of law.

{¶9} Carnes relies in large part on *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, in support of his argument that his motion to dismiss should have been granted. In *Bode*, the Ohio Supreme Court held that "an adjudication of delinquency may not be used under R.C. 4511.19(G)(1)(d) to enhance the penalty for a later offense when the adjudication carried the possibility of confinement, the adjudication was uncounseled, and there was no effective waiver of the right to counsel." *Id.* at syllabus. Carnes essentially argues that *Bode* should be extended to prohibit the use of an uncounseled adjudication obtained without a valid waiver to prove any element of a crime, not just one that enhances punishment. I do not read *Bode* so broadly.

{¶10} The underpinnings of the *Bode* decision can be traced to the protections afforded to criminal defendants by the Sixth and Fourteenth Amendments to the United States Constitution. In *Argersinger v. Hamlin*, 407 U.S.

25, 37, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the United States Supreme Court held that the Sixth Amendment right to counsel, as applicable to the states through the Fourteenth Amendment, included a guarantee that, "absent a knowing and intelligent waiver [of the right to counsel], no person may be imprisoned for any offense * * * unless he was represented by counsel at his trial." The *Argersinger* Court reasoned that unless a defendant had "the guiding hand of counsel," his trial may not have had sufficient guarantees of fairness to support the severe sanction of imprisonment. *Id.* at 36-40. A few years later, in *Scott v. Illinois*, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court held that the Sixth and Fourteenth Amendments require that no indigent criminal defendant be sentenced to a term of imprisonment unless the state afforded him the right to counsel. Citing *Argersinger* and *Scott*, in *Baldasar v. Illinois*, 446 U.S. 222, 226, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), Justice Marshall, writing for a plurality of the Court, determined that "a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction." *Id.* at 228. The Supreme Court later overruled *Baldasar*, but held that an uncounseled prior conviction could be used to enhance a penalty only if the conviction was valid under *Scott. See Nichols v. United States*, 511 U.S. 738, 749, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In *Nichols*, Justice Souter in his separate concurrence opined that an uncounseled conviction without a valid waiver of counsel was not reliable enough to support the severe sanction of imprisonment. *Id.* at 750 (Souter, J., concurring in judgment).

{¶11} Based on this line of cases, the Ohio Supreme Court has held similarly. *See State v. Brandon*, 45 Ohio St.3d 85, 87, 543 N.E.2d 501 (1989) (holding that a trial court could not use a prior uncounseled conviction, obtained without a valid waiver, to enhance the penalty of a later criminal offense.) In *State v. Brooke*, 113

Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 9, the Ohio Supreme Court explicitly recognized that "there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense," and it reaffirmed that an uncounseled conviction without a valid waiver could not later be used to enhance the penalty for another crime. In *Bode*, the Ohio Supreme Court held that *Brooke* extended to juvenile adjudications. *Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, at ¶ 1.

{¶12} The holdings in *Brandon*, *Brooks*, and *Bode* are narrow and consistent—namely that an uncounseled conviction or adjudication obtained without a valid waiver of the right to counsel cannot be used to *enhance a penalty* for a later crime. Ultimately, these cases turn on the fairness of imposing the severe sanction of imprisonment where the trial leading to the underlying conviction and the resulting reliability of that conviction are constitutionally infirm due to a violation of the right to counsel. An uncounseled conviction obtained without a valid waiver is not infirm for all uses, however.

{¶13} In *Lewis v. United States*, 445 U.S. 55, 67-68, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the United States Supreme Court held that it was constitutionally permissible to use a prior uncounseled felony conviction obtained without a valid waiver to impose a firearm disability under a federal statute that made it illegal for a felon to possess a firearm. The Court acknowledged that, under the Sixth Amendment, an uncounseled conviction could not be used for certain purposes such as sentencing or penalty enhancement, but reasoned that those cases turned on the unreliability of the past uncounseled convictions. *Id.* The reliability of the underlying felony in *Lewis* was immaterial because, the Court determined, it was the mere fact of the conviction that imposed the firearm disability. *Id.* The Court reasoned that "Congress could rationally conclude that any felony conviction, even

an allegedly invalid one, is a sufficient basis on which to prohibit the possession of a firearm." *Id.* at 66.

{¶14} Likewise, in this case, the mere fact of Carnes's 1994 adjudication imposed a disability that made it illegal under R.C. 2923.13(A)(2) for Carnes to possess a firearm in Ohio. The reliability of Carnes's adjudication is immaterial for purposes of that statute. Therefore, the case law that Carnes cites in support of his position on appeal does not apply. Put another way, because Carnes's 1994 adjudication was not a penalty-enhancing element of his DUS charge, *Bode* does not prohibit its use as an element of that charge.

{¶15} The dissent relies on *State v. Hand*, ___ Ohio St.3d ___, 2016-Ohio-5504, ___ N.E.3d ___, for its position that Carnes's adjudication should be off-limits for purposes of establishing the disability element of the WUD charge. *Hand* does not apply in this case. Its holding is limited to banning the use of a juvenile adjudication to enhance punishment. It is therefore not relevant to the issue raised in this appeal.

{¶16} Carnes's sole assignment of error is overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**DEWINE, J.,** concurs in judgment only.
**CUNNINGHAM, P.J.,** dissents.

**CUNNINGHAM, P.J.,** dissenting.

{¶17} I respectfully dissent. While I disagree with the lead opinion's assertion that the Ohio Supreme Court's pronouncements on the use of juvenile adjudications in subsequent criminal prosecutions have been "narrow," I agree that they have been "consistent." The court has consistently limited their use in adult prosecutions.

{¶18} Only four months after releasing *Bode*, in *Hand*, the court reiterated that "a juvenile adjudication is not a conviction of a crime and should not be treated as one." *See id.* at ¶ 38 and ¶ 14 et seq. It held that a juvenile adjudication, without regard to whether it was counseled or uncounseled, may not be used to enhance the degree of or the sentence for a subsequent adult criminal offense. *See id.* at paragraph one of the syllabus. The basis of the court's decision was its belief that it is "fundamentally unfair to allow juvenile adjudications that result from * * * less formal proceedings to be characterized as criminal convictions that may later enhance adult punishment." *Id.* at ¶ 35.

{¶19} This fundamental unfairness, sufficient to deny a defendant due process of law, is even more apparent when a juvenile adjudication is the essential predicate for a criminal proceeding, where its use results not just in a longer sentence but in a loss of liberty itself. If juvenile adjudications are not reliable enough to enhance a criminal sentence, surely they are not sufficiently reliable to alone sustain proof beyond a reasonable doubt of an element of a crime. I would sustain the assignment of error on that basis.


Please note:

    This court has recorded its own entry this date.