HORTON, J., concurring in part and dissenting in part.
 

 {¶ 60} While I concur with the majority in part, I respectfully dissent regarding its decision to overrule Williams' second assignment of error.
 

 {¶ 61} The Fifth Amendment of the United States Constitution recognizes that a defendant must not be deprived of liberty "without due process of law," and the Sixth Amendment states that "[i]n all
 criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." The United States Supreme Court has long recognized that "these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."
 
 United States v. Gaudin
 
 ,
 
 515 U.S. 506
 
 , 510,
 
 115 S.Ct. 2310
 
 ,
 
 132 L.Ed.2d 444
 
 (1995).
 

 {¶ 62} This foundational principle-that every element of a crime must be proved beyond a reasonable doubt-also applies to facts that, if proved, increase the penalties a defendant faces. This is because "a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally prescribed."
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 , 2158,
 
 186 L.Ed.2d 314
 
 (2013). Thus, in
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In
 
 Alleyne
 
 , the court recognized that this requirement also applies to facts that increase a statutorily prescribed mandatory minimum sentence.
 
 Alleyne
 
 at 2158.
 

 {¶ 63} As
 
 Apprendi
 
 made clear, the one exception is "the fact of a prior conviction," which need not be submitted to a jury.
 

 Id.
 

 at 490
 
 ,
 
 120 S.Ct. 2348
 
 . The Supreme Court of Ohio explained this exception in
 
 State v. Hand
 
 ,
 
 149 Ohio St.3d 94
 
 ,
 
 2016-Ohio-5504
 
 ,
 
 73 N.E.3d 448
 
 , at ¶ 31 :
 

 But prior convictions are treated differently only because 'unlike virtually any other consideration used to enlarge the possible penalty for an offense, * * * a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.'
 
 Jones v. United States,
 

 526 U.S. 227
 
 , 249,
 
 119 S.Ct. 1215
 
 ,
 
 143 L.Ed.2d 311
 
 (1999). Thus, at the heart of
 
 Apprendi's
 
 narrow exception is the concept that the prior conviction was the result of a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond a reasonable doubt.
 

 {¶ 64} Because, however, the Sixth Amendment right to a jury trial is absent from juvenile adjudications,
 
 Hand
 
 determined that such adjudications could not be included in
 
 Apprendi's
 
 exception for actual convictions:
 

 Given the United States Supreme Court's emphatic pronouncements on the importance of the right to a jury trial, it is logical to conclude that the court meant to limit the prior-conviction exception to prior proceedings that satisfied the jury-trial guarantee. Because a juvenile adjudication is not established through a procedure that provides the right to a jury trial, it cannot be used to increase a sentence beyond a statutory maximum or mandatory minimum.
 

 Hand
 
 at ¶ 34. The court further reasoned:
 

 The right to a jury trial is fundamental to due process just as the right to counsel is fundamental. But in juvenile proceedings, there is no right to a jury because the focus is on rehabilitation rather than punishment. To convert an adjudication into a conviction when the adjudication process did not provide the right to have a jury test the elements of that offense offends due process and
 
 Apprendi
 
 and thus the state cannot treat a prior juvenile adjudication as a
 prior conviction to enhance the penalty for a subsequent conviction.
 

 Id.
 
 at ¶ 36.
 

 {¶ 65} Applying these principles, the Supreme Court of Ohio held that R.C. 2901.08(A), a statute that treated a juvenile adjudication as a conviction for purposes of determining the offense level and sentencing, violated the Due Process Clauses of the United States Constitution and the Ohio Constitution.
 
 Id.
 
 at ¶ 37.
 

 {¶ 66} In this case, Williams was convicted of having a weapon while under disability under R.C. 2923.13. The statute states that "no person shall knowingly acquire, have, carry, or use any firearm" in a number of circumstances. Relevant here is the prohibition on carrying a firearm if a defendant "has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." R.C. 2923.13(A)(2). The statute treats a defendant's previous conviction for a violent offense, or a delinquency adjudication of what would have been a violent offense if committed by an adult, as two alternatives to prove the same element of the offense. However, only the first alternative-actual conviction-results from a constitutionally sound process that affords a defendant all the rights to which he is entitled under the Fifth and Sixth Amendments.
 
 See
 

 Hand
 
 at ¶ 31. Thus, Williams' conviction under the other element, which requires only a delinquency adjudication resulting from a process that did not include the right to a jury trial, violated his right to due process. In the juvenile court, no "jury test[ed] the elements of that offense," and, under
 
 Hand
 
 , it cannot be treated as a prior conviction to support an offense.
 
 Id.
 
 at ¶ 36.
 

 {¶ 67} The majority asserts that
 
 Hand
 
 does not control because it "was limited solely to the statute treating a prior juvenile adjudication as a prior 'conviction' for purposes of determining the degree or the sentence for a subsequent offense committed as an adult," and, here, "under R.C. 2923.13(A)(2), a prior juvenile adjudication does not result in an enhancement of the degree or potential punishment for an offense; instead, the fact of having been adjudicated a delinquent juvenile is one of the predicates for the offense." (Majority Decision at ¶ 30.) When considering constitutional challenges to convictions for having a weapon while under disability based on a defendant's previous delinquency adjudication, other Ohio courts of appeals have pointed to this same purported distinction as a justification for not applying
 
 Hand
 
 .
 
 State v. McComb
 
 ,
 
 2017-Ohio-4010
 
 ,
 
 91 N.E.3d 255
 
 , ¶ 26 ("
 
 Hand
 
 does not ban the use of a prior juvenile adjudication as an element of an offense; rather,
 
 Hand
 
 bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction.");
 
 State v. Hudson
 
 ,
 
 2017-Ohio-645
 
 ,
 
 85 N.E.3d 371
 
 , ¶ 51 (declining to apply
 
 Hand
 
 because the case before did "not involve increasing the degree of an offense or enhancing a penalty for an offense," but involved "a juvenile with a prior adjudication for an offense that would be a felony of violence if committed by an adult");
 
 State v. Carnes
 
 ,
 
 2016-Ohio-8019
 
 ,
 
 75 N.E.3d 774
 
 , ¶ 15 (interpreting
 
 Hand
 
 as "limited to banning the use of a juvenile adjudication to enhance punishment").
 

 {¶ 68} However, constitutionally there is no distinction between facts that enhance punishment and the facts that prove an element of the crime. The United States Supreme Court stated this unequivocally in
 
 Alleyne
 
 when explaining
 
 Apprendi
 
 : "In
 
 Apprendi
 
 , we held that a fact is by definition an element of the offense and must be submitted to the jury if it increases the punishment above what is otherwise legally
 prescribed."
 
 Alleyne
 
 at 2158.
 
 Apprendi
 
 as well states that "facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense."
 
 Apprendi
 
 at 483,
 
 120 S.Ct. 2348
 
 , fn. 10. The equivalency is sound, as it merely emphasizes the foundational principle that every element of a crime must be proved beyond a reasonable doubt.
 
 Gaudin
 
 at 510,
 
 115 S.Ct. 2310
 
 .
 

 {¶ 69} Because every element must be proved to a jury beyond a reasonable doubt, the burden on the state to convict a defendant for robbery is not equivalent to, and is much heavier than, what it must prove to secure an adjudication of delinquency against a minor. R.C. 2901.08, the statute invalidated in
 
 Hand
 
 , and R.C. 2923.13, the weapons while under disability statute, both equated convictions and delinquency adjudications. Thus, I disagree with the majority that
 
 Hand
 
 is limited to R.C. 2901.08, the statute it invalidated, and I would apply its reasoning to any conviction under R.C. 2929.13 based on a juvenile adjudication. For the foregoing reasons, I would sustain the second assignment of error, vacate Williams' conviction under R.C. 2929.13, and remand for resentencing.