[Cite as *State v. Barfield*, 2017-Ohio-8044.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160768 |
| | | TRIAL NO. B-1602867 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| WILLIE BARFIELD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 4, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Christine Y. Jones*, Director Public Defender Appellate Division, and *Joshua A. Thompson,* Assistant Public Defender, for Defendant-Appellant.

**MILLER, Judge.**

{¶1} Willie Barfield asks this court to reverse our recent decision in *State v. Carnes*, 2016-Ohio-8019, 75 N.E.3d 774 (1st Dist.), *appeal accepted*, 2017-Ohio-7567, 2017 WL 4037672, arguing that we misinterpreted *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, which he claims requires reversal of the trial court's judgment denying his post-sentence motion to withdraw his guilty plea. His argument is not well taken. *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and its progeny expressly permit something less than a valid criminal conviction to be an underlying disability in a weapon-possession offense.

{¶2} Barfield pleaded guilty to having a weapon while under a disability, in violation of R.C. 2923.13(A)(2). He admitted to two disabilities—juvenile adjudications for the commission of offenses that would have constituted robbery and aggravated robbery had Barfield been an adult. The trial court accepted Barfield's plea, and imposed a 12-month sentence.

{¶3} Barfield later moved to withdraw his guilty plea, arguing that *Hand*, which was decided six days before his plea, barred the use of his juvenile adjudications to establish the disability element of his conviction. Barfield contended that he was unaware of *Hand* at the time of his plea, and therefore his plea had not been voluntarily made. His motion was overruled.

{¶4} In his sole assignment of error, Barfield contends that the trial court incorrectly concluded that *Hand* did not apply. Under Crim.R. 32.1, a defendant seeking to withdraw a guilty plea post-sentence must demonstrate that his motion should be granted to correct a "manifest injustice." *State v. Smith* 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. We review the trial court's

judgment for an abuse of discretion. *Id.* at paragraph two of the syllabus. Obviously, a manifest justice would not result if Barfield is incorrect regarding *Hand.*

### *Carnes* is Consistent with *Hand* and *Apprendi*

{¶5} In relevant part, this court held in *Carnes* that *Hand* did not bar the use of a prior juvenile adjudication to prove the disability element of a weapon-possession charge under R.C. 2923.13. *Carnes*, 2016-Ohio-8019, 75 N.E.3d 774, at ¶ 15. We more fully explain our holding here. As discussed below, *Hand* does not control this decision. *Lewis* does.

{¶6} *Hand* held that R.C. 2901.08(A) violated the due process clauses of the Ohio and United States Constitutions because it was "fundamentally unfair" to treat a juvenile adjudication as a previous conviction that enhances either the degree of, or the sentence for, a subsequent offense committed as an adult. *Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, at paragraph one of the syllabus. The Court also held that using a juvenile adjudication to increase a sentence beyond a statutory maximum or mandatory minimum violated due process under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Id.* at paragraph two of the syllabus. In its *Apprendi* analysis, *Hand* focused on the fact that there is no right to a jury trial in the juvenile justice system, and cited *United States v. Tighe*, 266 F.3d 1187 (9th Cir.2001) for the conclusion that the "prior conviction" exception to *Apprendi* " 'must be limited to prior convictions that were themselves obtained through proceedings that included the right to a jury trial * * * .' " *Hand* at ¶ 28, citing *Tighe* at 1194.

{¶7} Barfield argues that because a prior adjudication is not reliable enough to enhance a sentence or the degree of an offense, it is not reliable enough to prove a disability element in R.C. 2923.13. We do not read *Hand* so expansively.

3

*Hand* concerned the due process implications of a statute that (1) equated a juvenile adjudication with an adult conviction, and (2) treated the adjudication as a conviction to enhance a sentence. The statute in this case does not treat an adjudication as an adult conviction. The juvenile adjudication is a disability in its own right. Further, the disability element in the statute is not a penalty-enhancing element. It is an element of the crime. Consequently, the due process concerns raised in *Hand* do not exist in this case. *See State v. McComb*, 2d Dist. Montgomery No. 26884, 2017-Ohio-4010, ¶ 26 (holding that "*Hand* does not ban the use of a prior juvenile adjudication as an element of an offense; rather, *Hand* bans the use of a juvenile adjudication to enhance a penalty by treating the adjudication as an adult conviction."); *State v. Hudson*, 7th Dist. Mahoning No. 15 MA 0134, 2017-Ohio-645, ¶ 51.

{¶8} The key to our analysis here is that only the existence of a disability—and not its reliability—is at issue in the statute. *See Carnes*, 2016-Ohio-8019, 75 N.E.3d 774, at ¶ 13, citing *Lewis*, 445 U.S. at 66, 100 S.Ct. 915, 63 L.Ed.2d 198. *Lewis,* unlike *Apprendi* and *Hand*, speaks to disabilities that can be an element of a weapon-possession crime. It controls the issue presented in this case.

{¶9} In *Lewis*, the United States Supreme Court held that an invalid felony conviction could be a disability to prohibit the possession of a firearm without running afoul of the United States Constitution. *Lewis* at 66-67. The Court reasoned that "the federal gun laws * * * focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons." *Id.* at 67. Federal circuit courts have applied *Lewis* to hold that a constitutionally-infirm felony conviction can be used to impose a firearm disability post-*Apprendi*. *See United States v. Marks*, 379 F.3d 1114, 1117 (9th Cir.2004)

4

(collecting the cases). Significantly, in *Marks* the Ninth Circuit applied *Lewis* after it had decided *Tighe*. *See also State v. Boyer*, 2d Dist. Clark No. 2016-CA-63, 2017-Ohio-4199, ¶ 13 (holding that, for purposes of establishing a disability "whether a defendant actually committed an offense as a juvenile is rendered immaterial."). *Lewis* and its progeny expressly permit something less than a felony conviction to form the basis of a disability in a weapon-possession offense. We follow *Lewis*, and decline to expand *Hand*.

{¶10} Under the *Lewis* line of cases, a legal disability can arise from far less than a jury-eligible criminal conviction. For example, under R.C. 2923.13(A)(1)-(5), a person is under a "disability" if he or she is a fugitive from justice, is under indictment for certain felony offenses, is drug-dependent or in danger of drug dependence, is under adjudication of mental incompetence, has been adjudicated as a "mental defective," has been committed to a mental institution, has been found by a court to be mentally ill, or is an involuntary patient. None of these "disabilities" come with the procedural or substantive safeguards that precede a valid adult criminal conviction. To hold as Barfield suggests would effectively eradicate prohibitions on the possession of weapons by anyone other than an adult convict who had been afforded the right to a jury trial. *Lewis* clearly states the United States Constitution does not require this result.

### Ohio's "Due Course" Clause does not Afford Protection beyond the Federal "Due Process" Clause

{¶11} Barfield next claims that we should not have relied on *Lewis* in *Carnes* because "*Lewis* was a case about federal law analyzed under the federal constitution," and *Hand* "is about an Ohio law analyzed under the Ohio Constitution." Barfield asserts that because the Ohio Constitution can afford more

protection than the United States Constitution, *Hand* should be read broadly to include banning the use of a juvenile adjudication as the disability element in R.C. 2923.13.

{¶12} *Hand* was decided under the "due course" and "due process" clauses of the Ohio and United States Constitutions, respectively. *Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448, at paragraph one of the syllabus and ¶ 11. Ohio's "due course of law" provision does not provide greater protections than the "due process" clause in the Fourteenth Amendment to the United States Constitution. *Id.* at ¶ 11, citing *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941). Barfield's argument therefore has no merit.

{¶13} Finally, Barfield claims that *Lewis* is inapplicable because the disability in this case was a juvenile adjudication and *Lewis* involved an adult-conviction disability. *Lewis* held that the reliability of a disability is irrelevant. This holding is equally applicable to adult convictions as well as juvenile adjudications.

### *Carnes* Remains the Law of the First District

{¶14} In sum, *Carnes* is correct. *Hand* is limited to banning the use of a juvenile adjudication to enhance the degree of or the sentence for a later offense. Applying *Hand* to hold as Barfield contends would be contrary to *Lewis*.

{¶15} *Hand* does not apply in this case, and Barfield has failed to demonstrate that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty plea. We therefore overrule his sole assignment of error, and affirm the trial court's judgment.

Judgment affirmed.

**MYERS, J.,** concurs.
**ZAYAS, P.J.,** dissents.

6

**ZAYAS, P.J.,** dissenting.

{¶16} I respectfully dissent from the majority opinion with regard to the use of a prior juvenile adjudication as an element of an adult offense. I agree with Judge Cunningham's dissent in *State v. Carnes* that: "If juvenile adjudications are not reliable enough to enhance a criminal sentence, surely they are not sufficiently reliable to alone sustain proof beyond a reasonable doubt of an element of a crime." *Carnes*, 2016-Ohio-8019, 75 N.E.3d 774, at ¶ 19 (Cunningham, P.J., dissenting). Therefore, I would sustain the assignment of error, reverse the trial court's judgment, and remand with instructions to grant Barfield's motion to withdraw his guilty plea and dismiss the indictment.

Please note:

      The court has recorded its own entry on the date of the release of this opinion.