[Cite as *State v. Green*, 2013-Ohio-3728.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99196**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY L. GREEN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-557203

**BEFORE:** S. Gallagher, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**ATTORNEY FOR APPELLANT**

James R. Willis
323 West Lakeside Avenue
Lakeside Place, Suite 420
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Maxwell M. Martin
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Gregory Green appeals from his conviction and the denial of a motion to suppress. For the reasons stated herein, we affirm.

{¶2} On December 21, 2011, appellant was indicted on charges of illegal manufacture or cultivation of marijuana in violation of R.C. 2925.04(A), drug trafficking in violation of R.C. 2925.03(A)(2), drug possession in violation of R.C. 2925.11(A), and possessing criminal tools in violation of R.C. 2923.24(A). The first three counts included a one-year firearm specification, and all counts had forfeiture specifications. Appellant entered a plea of not guilty to the charges.

{¶3} Appellant filed motions to suppress evidence on January 12, 2012, and March 27, 2012. Following a hearing, the trial court denied the motions. The matter proceeded to a bench trial. The court found appellant guilty of illegal manufacture or cultivation of marijuana with forfeiture specifications, drug possession with forfeiture specifications, and possessing criminal tools with forfeiture specifications. The court found appellant not guilty of drug trafficking. The court sentenced appellant to three years of community control sanctions.

{¶4} Appellant filed this appeal, and his sole assignment of error challenges the trial court's decision denying his motion to suppress.

{¶5} In *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, the Ohio Supreme Court set forth the following review standard for a motion to suppress:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

{¶6} At the hearing on the motion to suppress, it was shown that appellant was arrested on November 7, 2011, at 13917 Woodworth Avenue in Cleveland. On that date, there was an active arrest warrant for appellant. Police arrived at the location after receiving an anonymous tip as to where appellant could be found and confirming with a neighbor that appellant stayed at the subject premises. The police surrounded the house, knocked on the door, and announced themselves.

{¶7} Sergeant Sharpe saw a person look out a second-floor window. Detective Riegelmayer, who had a canine, went to the back of the house. The detective smelled a strong odor of marijuana emanating from the house. The canine never alerted him to the

presence of narcotics. Detective Riegelmayer testified that because the police were there on an arrest warrant and looking for a person, he had given the canine a command to be alert for a possible bite-order scenario and that the canine was not instructed to look for narcotics. Sergeant Sharpe and Detective Robinson also went to the back of the house and confirmed the smell of marijuana. The smell was described as a "strong odor," "the very robust smell," and "a moist smell" of marijuana. Detective Riegelmayer did not issue a subsequent narcotic command to the canine because he believed it was unnecessary because the smell had already been detected by the officers.

{¶8} The officers also observed an exterior ventilation system coming from the second floor. Detective Riegelmayer testified that there were two air-conditioning units at the residence and one of them was running. It was 6:30 in the morning and cool outside. He also noted that the shades were drawn or windows were covered. From his experience, he indicated his observations were consistent with a grow house, which he described as a place that is used for the manufacture of a large quantity of marijuana. Detective Robinson also testified to his observations of a grow house. Detective Riegelmayer and Detective Robinson then went to obtain a search warrant. They were gone approximately two hours.

{¶9} In the meantime, the person in the house initially was uncooperative in coming out. After a phone call was made, appellant was persuaded to come out of the home. The police report indicated that appellant was apprehended at approximately 9:40 a.m. Detective Robinson indicated that nobody entered the home until the search warrant

arrived on the scene. A protective sweep of the home was conducted, followed by the execution of the search warrant. The police found numerous marijuana plants in the basement of the home, and there were leaves from the attic down to the basement. Several plants had been destroyed. Among the confiscated items were 122 marijuana plants, 14 large vacuum-sealed bags containing marijuana, 31 smaller bags containing marijuana, and a firearm.

{¶10} Appellant argues that there was evidence of a warrantless search, that there was a lack of probable cause to issue the search warrant, and that misinformation was provided to obtain the search warrant. The defense claimed that the officers conducted a protective sweep of the home after appellant had surrendered and prior to obtaining the search warrant. Appellant's position is that the officers originally intended to seek a warrant to search the home for appellant, but once he surrendered and the cultivation was seen, the officers devised a plan to obtain a search warrant by saying they detected the odor of marijuana outside the home. Appellant further argues that Detective Riegelmayer's statements of smelling marijuana emanating from the second floor was rebuffed by evidence that the air conditioner on the second floor was not connected by any duct work to the basement.

{¶11} The trial court rejected the defense position. With regard to witness testimony offered by the defense, the trial court had "a lot of trouble finding them credible witnesses * * *. I did not find anybody's testimony corroborated so sufficiently that I can make a finding that they knew that the warrant was not executed at the time that

the police officer said so."   In finding their testimony as to the timing "totally incredible, unbelievable[,]" the court indicated that it did not believe the defense witnesses were lying, but instead found "they just did not know what they were seeing, and they did not properly time this whole thing out."   Further, with regard to the testimony of a neighbor who had not smelled any marijuana in the yard, the court indicated, "he had no idea what raw marijuana smelled like."   In denying the motion to suppress, the trial court recognized that "other testimony indicated that the police officers not only executed properly the search warrant that they obtained, from what I understand, in a timely manner."

{¶12} While there was conflicting testimony in this matter, the trial court, assuming the role of trier of fact, was in the best position to evaluate the credibility of the witnesses.   We are also cognizant that the use of the term "protective sweep" in conjunction with the execution of a search warrant by police can create problems.   However, the police testimony in this case indicated that a "protective sweep" did not occur prior to, or form the basis for, obtaining the search warrant.   Rather, the state's evidence indicated that the police did not enter the home until after the search warrant was obtained.   Further, our review reflects that the court's finding of a properly executed search warrant is supported by competent, credible evidence in the record.

{¶13} In determining whether there is probable cause to issue a search warrant, a judge or issuing magistrate must

> "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity'

and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*State v. Craig*, 110 Ohio St.3d 306, 2006-Ohio-4571, 853 N.E.2d 621, ¶ 33, quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In reviewing a probable-cause affidavit submitted in support of a search warrant, "'trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant.'" *Id*., quoting *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph two of the syllabus.

**{¶14}** In this case, Detective Robinson averred in the affidavit that the police were at the subject house on an arrest warrant after receiving a tip and conferring with neighbors who identified a male believed to be appellant residing at the address. The affidavit further stated that an individual was observed looking out the upstairs window; that Detective Riegelmayer identified "the strong odor of marijuana" coming from the upstairs rear of the home, which was vented; and that the air conditioner was running. Detective Robinson averred that because of these facts, "he has probable cause to believe, and does believe, a marijuana 'grow house' operation is being conducted at the * * * premises." The Ohio Supreme Court has found that the odor of marijuana, as detected by a person who is qualified to recognize the odor, is sufficient to establish probable cause. *State v. Moore*, 90 Ohio St.3d 47, 49-51, 2000-Ohio-10, 734 N.E.2d 804. In this

case, both Detective Riegelmayer and Detective Robinson testified to their qualifications and experience in detecting the smell of raw marijuana and with observing grow houses.

{¶15} While it was shown that the second-floor air conditioner was not connected to the basement, appellant failed to make a sufficient showing that the search-warrant affidavit contained false statements that were made intentionally or with a reckless disregard for the truth. The officers' observations of a strong odor of marijuana, an exterior ventilation system, and a running air conditioner with a cool outside temperature were sufficient to support probable cause of a marijuana grow operation in the home. Additionally, the execution of the warrant and resulting seizure of contraband would fall within the standards of the "good faith exception" to the exclusionary rule set forth in *United States v. Leon*, 468 U.S. 897, 919, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

{¶16} We find that the facts in the affidavit gave the judge issuing the warrant a substantial basis for concluding that a fair probability existed that narcotics and other contraband would be found on the premises. Affording deference to the determination of probable cause, we uphold the validity of the search warrant.

{¶17} Upon our review, we find the trial court properly denied the motion to suppress. Appellant's sole assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR