[Cite as *State v. Baro*, 2013-Ohio-5139.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                    :                    No. 12AP-968
                                           (C.P.C. No. 12CR-02-872)

v.                                                     :

                                               (REGULAR CALENDAR)
Siradjou Baro,                                         :

      Defendant-Appellant.               :


D E C I S I O N

Rendered on November 21, 2013


*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.


APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶ 1} Defendant-appellant, Siradjou Baro, appeals from the October 19, 2012 judgment of the Franklin County Court of Common Pleas convicting him, pursuant to a no contest plea, of two counts of trademark counterfeiting and imposing a term of community control. Defendant assigns a single error:

> The trial court committed reversible error by overruling a defense motion to suppress the results of a search conducted in violation of the rights afforded by the Fourth and Fourteenth Amendments to the United States Constitution and Section 14, Article I of the Ohio Constitution.

Because the trial court properly denied defendant's motion to suppress, we affirm.

## I.  Facts and Procedural History

{¶ 2}  On September 9, 2011, Charles Disbennett, a counterfeit merchandise investigator for Hi-Hope Consulting, informed the Franklin County Sheriff's Office that counterfeit merchandise was being sold at Eastland Flea Market. (Joint Exhibit 1, Attachment 1.)  On September 18, 2011, Detective Joe Schuler and Disbennett conducted a plain-clothes canvass of Eastland Flea Market for counterfeit merchandise. (Joint Exhibit 1, Attachment 1.)  Disbennett noted counterfeit merchandise was being sold at all but two of the booths in operation on the day of the canvass.  (Joint Exhibit 1, Attachment 1.)

{¶ 3}  Following the canvass, Detective Schuler asked a Franklin County Municipal Court judge whether a separate warrant would be necessary for each booth within the flea market.  Upon the opinion of the judge that a single warrant would validly authorize a search of the entire building, Detective Schuler filed an application for a single search warrant.

{¶ 4}  On October 6, 2011, another judge of the Franklin County Municipal Court issued a warrant authorizing a search of Eastland Flea Market for evidence of counterfeit merchandise.  (Attached as an Appendix.)  On October 7, 2011, detectives from the Franklin County Sheriff's Office executed the search warrant at the flea market.

{¶ 5}  At the time of the search, defendant was in control of four booths at the flea market, which was open for regular business at the time.  Officers interviewed defendant, identified him, and allowed him to leave while they completed an inventory of the items found in his booths.  Investigators seized items including merchandise offered for sale and merchandise tags containing company trademarks.

{¶ 6}  By indictment filed February 15, 2012, defendant was charged with seven counts of trademark counterfeiting in violation of R.C. 2913.34. On June 21, 2012, defendant filed a motion to suppress evidence seized by officers from Eastland Flea Market, contending that the evidence was unconstitutionally obtained in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution, Article I, Section 14.  On September 27, 2012, the trial court held a hearing on the motion to suppress and, after receiving testimony, denied the motion.  On October 17, 2012,

defendant entered a no contest plea to the indicted offenses and the trial court sentenced him accordingly.

## II.  Assignment of Error

{¶ 7}   Appellate review of a motion to suppress involves a mixed question of law and fact.  "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility."  *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist.1994).  The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence.  *State v. Claytor*, 85 Ohio App.3d 623, 627 (4th Dist.1993).  Accepting the facts as true, the reviewing court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 8}   Defendant asserts the trial court erred in overruling the motion to suppress evidence because the warrant to search and seize his property did not particularly describe the place to be searched.  The state responds that (1) the issued warrant was valid, (2) the good-faith exception to the exclusionary rule applies, and (3) the plain view exception to the warrant requirement applies.

### A.  Plain-View Exception

{¶ 9}   Defendant contends the plain-view exception to the warrant requirement does not apply because the seized evidence was not in plain view, the discovery of the evidence was not inadvertent, and the incriminating nature of the evidence was not readily apparent.  Because the record is unclear as to whether some of the evidence seized from defendant's booths was in plain view, we examine whether the search warrant was valid or if another exception to the warrant requirement applies.

### B.  The Warrant Was Validly Issued Under the Circumstances

{¶ 10} The Fourth Amendment to the U.S. Constitution, as applied to the states through the Fourteenth Amendment, and Ohio Constitution, Article I, Section 14, protect "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  *See State v. Ford*, 10th Dist. No. 07AP-803, 2008-Ohio-4373, ¶ 19 (noting the protections of Ohio Constitution, Article I, Section 14, and the Fourth Amendment to the U.S. Constitution are coextensive), citing *State v. Robinette*, 80

Ohio St.3d 234, 238-39 (1997). " '[T]he Fourth Amendment "safeguard is designed to require a description which particularly points to a definitely ascertainable place so as to exclude all others." ' " *United States v. Votteller*, 544 F.2d 1355, 1357 (6th Cir.1976), quoting *United States v. Lemmens*, 527 F.2d 662, 666 (6th Cir.1976), quoting *People v. Watson*, 26 Ill.2d 203 (1962). "The Fourth Amendment requirement of particularity prevents 'a general, exploratory rummaging in a person's belongings.' " *State v. Young*, 146 Ohio App.3d 245, 256, quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

{¶ 11} Defendant contends the particularity requirement was violated in this instance because the warrant described the entire building instead of the individual booths operated by defendant. In *Votteller*, a single warrant was issued to search a multi-floor building containing a business on the first floor and separate apartments on the other floors. *Id.* at 1362. The court found the warrant was void because it authorized a search of the entire building without cause to search all of the units. *Id.* at 1364.

{¶ 12} Unlike in *Votteller*, where the building was a multi-use structure subdivided by walls and floors into distinct, self-contained units, the Eastland Flea Market was a single-use structure consisting of open displays and booths. Under these circumstances, the Eastland Flea Market cannot be considered a multi-unit structure and, therefore, the warrant in this case complied with the Fourth Amendment particularity requirement.

## C. Good-Faith Exception to the Exclusionary Rule Applies

{¶ 13} Although finding the warrant validly authorized the search ends the analysis, we nevertheless examine whether the good-faith exception to the exclusionary rule applies in the event the warrant was invalid.

{¶ 14} "The fact that a Fourth Amendment violation occurred—i.e., that a search or arrest was unreasonable—does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). "The exclusionary rule should not be applied to suppress evidence obtained by police officers acting in objectively reasonable, good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid." *State v. Wilmoth*, 22 Ohio St.3d 251 (1986), paragraph one of the syllabus, following *United States v. Leon*, 468 U.S. 897 (1984). "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can

meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Herring* at 144.

{¶ 15} The deterrence rationale underlying the exclusionary rule " 'loses much of its force' * * * when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *Leon* at 919-920, quoting *Michigan v. Tucker*, 417 U.S. 433, 447 (1974). "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921. *See also Massachusetts v. Sheppard*, 468 U.S. 981, 990 (1984) (" '[T]he exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges.' "), quoting *Illinois v. Gates*, 462 U.S. 213, 263 (1983) (White, J., concurring in judgment); *Herring* at 142. Here, the officers properly requested a determination by a judge on the issue of whether multiple warrants were required to execute the search. Even if the single warrant for the entire structure was invalid, the error in issuing the warrant would be attributable to the judge, not the officers.

{¶ 16} However, the good-faith exception to the exclusionary rule does not apply where the officer's reliance on the warrant was not objectively reasonable. "[S]uppression remains an appropriate remedy where: (1) '* * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *'; (2) '* * * the issuing magistrate wholly abandoned his judicial role * * *'; (3) an officer purports to rely upon '* * * a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" '; or (4) '* * * depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.' " *State v. George*, 45 Ohio St.3d 325, 331 (1989), quoting *Leon* at 923.

{¶ 17} Defendant contends that because the warrant authorized a search of the entire structure, it was so facially deficient in particularizing the place to be searched that officers could not reasonably have presumed it to be valid. Defendant's argument is without merit since, as discussed above, the warrant complied with the particularity

requirement.     Thus, suppressing evidence obtained in this case through objectively reasonable reliance on the issued warrant would not serve the deterrence rationale of the exclusionary rule.  *See Leon* at 922.

{¶ 18} Because the warrant validly authorized the search and seizure of defendant's property or, in the alternative, the good-faith exception to the exclusionary rule would apply if the warrant was invalid, we find there was no violation of the Fourth and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution, Article I Section 14.  Accordingly, defendant's assignment of error is overruled.

## III.  Disposition

{¶ 19}  Having overruled defendant's assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and SADLER, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

# **APPENDIX**



STATE'S JOIN
EXHIBIT
1

**SEARCH WARRANT AFFIDAVIT**

THE STATE OF OHIO | ss. | FILED
FRANKLIN COUNTY | | Franklin County Municipal Court, Columbus, Ohio
2011 OCT 11 AM 11: 29

MUN...
LC...

Before me, the undersigned, a judge of Franklin County Municipal Court, Columbus, Ohio, Personally appeared Franklin Co. Sheriffs Detective J. Schluer #540,

who being duly sworn according to law, 19 year veteran of the Franklin Co. Sheriffs Office experience in this types of investigations, deposes and says that he has good cause to believe and does believe that Pursuant to 2933.21 ORC and Criminal Rule 41B, evidence of the commission of the criminal offense, To Wit: Trademark Counterfeiting, Ohio Revised Code Section 2913.34. For counterfeit merchandise, documents, photographs, any and all of the records pertaining to the identification of the individual booth lessee's and the sale of any counterfeit merchandise, being sold at the Eastland Flea Market or any of its agents. Evidence to the commission of the crime, to include any counterfeited merchandise, all files, all electronic documents, billings and financial records related to the offense. Property which may identify or trace the suspects present during the offense, samples of materials the subjects may have carried from the scene on his person, personal property or other objects to identify witnesses to assist in the investigation process, including any items deemed to be of evidentiary value in the investigation of the crime of Trademark Counterfeiting, O.R.C. 2913.34.

are being kept in a certain building or room or location or vehicle known as

Eastland Flea Market, 4101 Refugee Rd., Columbus, Ohio 43232, a single story commercial, brick building with a white entry way with Eastland Flea Market signage affixed to it.

In said Franklin County, Ohio, in Violation of section
Trademark Counterfeiting, Ohio Revised Code Section 2913.34

The facts upon which such belief is based are as follows

See Attachments #1, #2, #3 and #4

Det. G. S..... ...
Deputy Sheriff

Sworn to me and subscribed in my presence this _6th_ day _October_ A.D. 2011
9: 50An

_____
Judge Franklin County Municipal Court.    Date / Time

□ ORIGINAL

# WARRANT TO SEARCH

#1293

FILED
No.

2011 OCT 11 AM 11: 29

FRANKLIN COUNTY
MUNICIPAL COURT

In the Franklin County Municipal Court, Columbus, Ohio,

THE STATE OF OHIO       vs.       EASTLAND FLEA MARKET
FRANKLIN COUNTY
                         ss.       4101 Refugee Rd.
                                   Columbus, Ohio 43232

To the Sheriff of Franklin County, Ohio, Greetings:

WHEREAS, there has been filed with me an affidavit, a copy of which appears attached hereto, these are, therefore, to command you in the name of the State of Ohio with the necessary and proper assistance, to enter, in the daytime (in the nighttime) into premises and curtilage, known as

Eastland Flea Market, 4101 Refugee Rd., Columbus, Ohio 43232, a single story commercial, brick building with a white entry way with Eastland Flea Market signage affixed to it.

and to execute a search of the said premises and curtilage within (72 hours) after the issuance of this warrant. The said premises being in the county of Franklin, Ohio, aforesaid, and there diligently search for (the said goods, chattels, or articles), to wit:

Pursuant to 2933.21 ORC and Criminal Rule 41E, evidence of the commission of the criminal offense, To Wit: Trademark Counterfeiting, Ohio Revised Code Section 2913.34. For counterfeit merchandise, documents, photographs, any and all of the records pertaining to the identification of the individual booth lessee's and the sale of any counterfeit merchandise, being sold at the Eastland Flea Market or any of its agents. Evidence to the commission of the crime, to include any counterfeited merchandise, all files, all electronic documents, billings and financial records related to the offense. Property which may identify or trace the suspects present during the offense, samples of materials the subjects may have carried from the scene on his person, personal property or other objects to identify witnesses to assist in the investigation process, including any items deemed to be of evidentiary value in the investigation of the crime of Trademark Counterfeiting, O.R.C. 2913.34.

and that you bring the same or any part thereof, found on such search, forthwith before me, or some other judge of this court having cognizance thereof, to be disposed of and dealt with according to law.

Judge Franklin County Municipal Court.       Date / Time

10-6-11  9:31AM

**ATTACHMENT #1**

*The facts upon which such belief is based are as follows:*

The Affiant is employed as a Deputy Sheriff for the County of Franklin, State of Ohio, and has been so for 19 years. The Affiant is currently assigned as a detective within the Investigations Bureau.

On September 9th, 2011, Charles Disbennett, an investigator with Hi-Hope Consulting, Inc., contacted the Affiant about counterfeit items being sold at the Eastland Flea Market, 4101 Refugee Rd., Columbus, Ohio 43232. Mr. Disbennett explained he is a contractor for several major merchandisers to include, but not limited to, Nike, Recording Industry Association of America, Motions Picture Association of America, Polo Ralph Lauren Corporation, and Coach. See attachment #3. He is a certified as an expert in the identification of counterfeit merchandise. Mr. Disbennett stated that the Eastland Flea Market was selling counterfeit items.

On September 16th, 2011, Mr. Disbennett and the Affiant went to the Eastland Flea Market, located at 4101 Refugee Rd., Columbus, Ohio 43232. The business consisted of several different booths selling a variety of merchandise. Mr. Disbennett identified counterfeit items in all but (2) booths. Items that were identified counterfeit were hanging on the walls or on display on tables at the individual booths in plain view and for sale to the public. Items identified as counterfeit were as follows: See attachment #4.

While on scene, the Affiant observed several vendors of the Eastland Flea Market, bringing in counterfeit merchandise from vehicles parking lot, to sell at their individual booths.

The Affiant requests that a search warrant be issued for the discovery of counterfeit merchandise, and any electronic or paper documents to identify the parties involved in the selling of counterfeit merchandise, that is located at the Eastland Flea Market property and curtilage, located at 4101 Refugee Rd., Columbus, Franklin County, Ohio 43232.

DETECTIVE J. SCHLUER #840
FRANKLIN COUNTY SHERIFFS OFFICE
DETECTIVE BUREAU

Sworn before me this 6th day of October, 2011, at 9:50 AM _____
Franklin County Municipal Court Judge

_____
Deputy Sheriff

Sworn to before me and subscribed in my presence this ___6___ day ___OCT___ A.D. 20___

_____
Judge Franklin County Municipal Court,        Date / Time