[Cite as *State v. Baas*, 2014-Ohio-1191.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                          :

     Petitioner-Appellee,             :

v.                                      :          No. 13AP-644
                                             (C.P.C. No. 11CV-10979)

Jason A. Baas,                          :

     Respondent-Appellant.            :          (REGULAR CALENDAR)

D E C I S I O N

Rendered on March 25, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Jeffrey C. Rogers,* for appellee.

*Stuart A. Benis,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Respondent-Appellant, Jason A. Baas ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, granting a petition for civil forfeiture filed by petitioner-appellee, State of Ohio ("State"). For the reasons that follow, we affirm in part and reverse in part.

## A. Facts and Procedural History

{¶ 2} On January 14, 2011, Columbus police executed a search warrant on appellant's residence located at 2226 West Mound Street in Columbus, Ohio. Appellant lived at the residence with his fiancé and his niece. As a result of the search, police recovered 23 marijuana plants in labeled pots, grow lights, potting soil, ventilation equipment, vermiculite, dehumidifiers, a digital scale, and empty pots and plastic bags. Police also uncovered a bag of marijuana, a pan containing marijuana, and marijuana in a

number of plastic containers, for a total of 240 grams of marijuana. Some of the marijuana was found in appellant's vehicle. Police also recovered a total of $9,610 in cash found on appellant's person and $233 found elsewhere in the residence. Appellant was arrested and charged with possession of marijuana in an amount exceeding 200 grams but less than 1,000 grams.

{¶ 3} On September 11, 2011, the prosecutor commenced a civil action seeking forfeiture, to the Columbus City Police and the office of the Franklin County Prosecutor, of all property seized from appellant's home in relation to case No. 2011CRA15680. On September 26, 2011, defendant filed a reply. On October 12, 2011, the trial court granted the State's motion to stay the case pending criminal proceedings.

{¶ 4} On February 3, 2012, a Franklin County Grand Jury indicted appellant on charges of possession of marijuana in violation of R.C. 2925.11, and cultivating marijuana in violation of R.C. 2925.04, both of which are felonies in the fifth degree. On February 23, 2012, appellant served the State with a demand for discovery and, on March 26, 2012, appellant served the State with a demand for the deposition testimony of the State's lab technician and a copy of the technician's report. Appellant also moved the court to suppress evidence recovered from the search of his home. On August 24, 2012, appellant pleaded guilty to a single misdemeanor charge of attempting to cultivate marijuana. Appellant was convicted of that charge and assessed a $300 fine.

{¶ 5} On September 12, 2012, the trial court granted the State's motion to lift the stay in this case. On March 28, 2013, a magistrate conducted an evidentiary hearing on the State's petition. At the outset of the proceedings, the parties informed the trial court that the only disputed issue was the State's claim to the $9,843 in cash that was recovered from appellant's home. On April 24, 2013, the magistrate issued a decision and recommendation in favor of the State in the full amount requested, $9,843. The trial court subsequently overruled appellant's objections and entered judgment in favor of the State in the total amount of $9,843, plus costs. Appellant timely appeals to this court from the judgment of the trial court.

## B. Assignments of Error

{¶ 6}   Appellant appeals from the Franklin County Court of Common Pleas, assigning the following as error:

> ASSIGNMENT OF ERROR NO. I:
>
> THE STATE IMPROPERLY SEIZED THE PROPERTY IT NOW SEEKS TO HAVE FORFEITED, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION, AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION. Passim.
>
> ASSIGNMENT OF ERROR NO. II:
>
> THE STATE FAILED TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE PROPERTY IT SEEKS TO HAVE FORFEITED IS SUBJECT TO FORFEITURE UNDER OHIO REV. CODE §2981.02 IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. FEDERAL CONSTITUTION AND ARTICLE I, §10 AND 16 OF THE OHIO CONSTITUTION. Passim.
>
> ASSIGNMENT OF ERROR NO. III:
>
> THE TRIAL COURT ERRED IN HOLDING THAT PETITIONER, WHO FAILED TO RESPOND TO RESPOND TO RESPONDENTS REQUESTS FOR ADMISSION, HAD NOT ADMITTED THE MATTERS SET FORTH THEREIN IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. FEDERAL CONSTITUTION AND ARTICLE I, §2, 10, AND 16 OF THE OHIO CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. IV:
>
> THE TRIAL COURT ERRED IN ADMITTING THE LABORATORY REPORTS ABSENT THE TESTIMONY OF THE ANALYST WHO PERFORMED THE TESTS IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. FEDERAL CONSTITUTION AND ARTICLE I, §2, 10, AND 16 OF THE OHIO CONSTITUTION.

**C. Standard of Review**

{¶ 7} "The court shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture." R.C. 2981.05(D). "[P]roperty is subject to forfeiture to the state or a political subdivision under * * * the civil process in section 2981.05 of the Revised Code if it constitutes * * * [p]roceeds derived from or acquired through the commission of an offense." R.C. 2981.02(A)(2).

{¶ 8} An appellate court may not reverse an order of forfeiture where there exists in the record "some competent, credible evidence going to all the essential elements of the case." *State v. West*, 8th Dist. No. 97398, 2014-Ohio-198, ¶ 24. *See also State v. Watkins*, 7th Dist. No. 07 JE 54, 2008-Ohio-6634, ¶ 34; *State v. Bustamante*, 3d Dist. No. 13-12-26, 2013-Ohio-4975. A reviewing court must defer to a trial court's factual findings in a forfeiture case, but it must apply a de novo standard of review when considering whether the forfeiture violates either the federal or state constitutions. *State v. Woods,* 5th Dist. No. 12-CA-19, 2013-Ohio-1136, citing *State v. Sufronko,* 105 Ohio App.3d 504, 506 (4th Dist.1995).

## D. Legal Analysis

### 1) Fourth Amendment Issues

{¶ 9} In appellant's first assignment of error, appellant argues that the trial court erred when it determined that the police seized appellant's cash pursuant to a validly-issued search warrant. More particularly, appellant argues that the affidavit of Detective Brent L. Planck did not provide sufficient information to support a finding that there was probable cause to conduct a search.

{¶ 10} A court issuing a search warrant is required to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. Crumpler*, 9 Dist No. 26098, 2012-Ohio-2601, ¶ 10, citing *State v. George*, 45 Ohio St.3d 325 (1989), quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983). "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant .... a reviewing court is simply to ensure that the [trial court] had a substantial basis for

concluding that probable cause existed." *Id.* "[R]eviewing courts should accord great deference to the [judicial officer's] determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.,* citing *Gates.*

{¶ 11} Based upon the foregoing, the question in this case is whether, in view of the totality of the circumstances, Detective Planck's affidavit provided a substantial basis for the issuing judge to conclude that there was a fair probability that police would find evidence of a marijuana growing operation in a search of appellant's residence. We find that the totality of the circumstances clearly supports the issuance of a warrant in this case.

{¶ 12} Detective Planck's affidavit provides, in relevant part, as follows:

> In May of 2011, a complaint was received that residents of 2226 W. Mound Street are conducting an indoor Marijuana grow operation. The main individual involved is a male white named Jason Bass. It was discovered through the Ohio Law Enforcement Gateway (OHLEG) that Jason A. Baas is a primary resident of 2226 W. Mound Street.
>
> On 5-25-2011 at approximately 1:30 AM, Detectives Brent L. Planck #1918 and David M. Allen #1343 completed a trash pull of 2226 W. Mound Street. No contraband was discovered. There were a large amount of plastic garbage bags containing dirt, mud and dried leaves. This type of waste is commonly found during marijuana grow operation investigations.
>
> On 5-25-2011, an investigative subpoena was generated to American Electric Power (AEP) for the electrical usage of 2226, 2234 and 2214 W. Mound Street. All of these residences are similar in size and construction. The AEP electric service at 2226 W. Mound Street is under the name of Jason Baas. The equipment used in indoor Marijuana grow operations consumes high amounts of electricity compared to non-Marijuana growers.
>
> * * *
>
> The results from AEP showed the residence of 2226 W. Mound Street does show a substantial higher usage of electric compared to similar residences nearby.

On 6-30-2011 at approximately 2:15 AM, Detectives Planck and Allen conducted a trash pull of 2226 W. Mound Street. A green city of Columbus trash container was directly in front of 2226 W. Mound Street near the roadway on the sidewalk. Detective Allen opened the trash container and retrieved a black trash bag from inside. Detectives drove to Columbus Police 19 Precinct substation on Sullivant Avenue and began to examine the trash bag. Inside the trash bag, a discarded United States Postal Service box addressed to Jason Baas 2226 W. Mound Street, Columbus, OH 43223 was found. The box had a return address of:

H2U
Hydroponicstoyou.com
94 Fairway Ln.
Warwick, RI 02889

Hydroponic businesses and similar establishments are known locations that cultivators of Marijuana purchase the equipment and materials to successfully grow and harvest the product.

{¶ 13} Detective Planck appeared as a witness at the hearing to give testimony regarding the particulars of his investigation and the results of the search of appellant's home. On cross-examination, Detective Planck admitted that he was unaware that other homes he used in the comparison of appellant's electric power usage were either occupied by fewer residents or were vacant. Appellant contends that, given this fact, the relatively high rate of power use in appellant's home was not probative of the existence of a growing operation.

{¶ 14} However, " 'the focus of the probable cause inquiry is the *totality of the circumstances* presented in the affidavit, not each component standing alone.' " (Emphasis sic.) *State v. Edwards*, 10th Dist. No. 12AP-992, 2013-Ohio-4342, quoting *State v. Robinson*, 7th Dist. No. 10 CO 37, 2011-Ohio-6639, ¶ 23. The relevant case law suggests that, even if the evidence of appellant's power consumption were disregarded, the remaining facts in Detective Planck's affidavit give rise to a fair probability that police would find evidence of a marijuana growing operation in a search of appellant's residence. *See, e.g., Robinson* at ¶ 3 ("The affidavit in support of the search warrant sets forth

probable cause for the search, namely, information received from several informants corroborated by drug residue and other evidence of drug activity pulled from Robinson's trash during the month immediately preceding the issuance of the search warrant."); *State v. McGorty*, 5th Dist. No. 2007CA00257, 2008-Ohio-2643, ¶ 16 (Where statements from an anonymous confidential informant are independently corroborated by marijuana residue (stems) found in defendant's trash, the search warrant was legally supported with probable cause); *State v. Akers*, 12 Dist. No. CA2007-07-163, 2008-Ohio-4164, ¶ 25 (Where informant's tip that defendant is involved in drug trafficking is partially corroborated by a positive field-test of marijuana plant remnants found in defendant's trash, probable cause for search warrant exists). Moreover, there is no evidence in this case that Detective Planck intentionally misled Judge Peeples. *See State v. Baro*, 10th Dist. No. 12AP-968, 2013-Ohio-5139, ¶ 16; *State v. Snead*, 10th Dist. No. 92AP-663 (Dec. 22, 1992).

{¶ 15} Appellant next contends that the anonymous tip that prompted Detective Planck's investigation was not worthy of consideration inasmuch as Detective Planck never personally spoke with the informant and did not even know the informant's name. While we agree that an anonymous tip of this nature, standing alone, would not supply probable cause for the issuance of a search warrant, we note that Detective Planck did not need probable cause to follow-up on the anonymous tip. There is no claim by appellant that his Fourth Amendment rights were implicated either in the investigation of power usage at his residence or by the two trash pulls that uncovered the physical evidence of a marijuana growing operation. Moreover, the relevant case law supports the conclusion that probable cause for a search warrant can be based entirely upon the evidence uncovered in a "trash pull," even in the absence of a precipitating tip from a confidential informant. *See, e.g., United States v. Roberson*, 6th Cir. No. 08-3489 (June 12, 2009), citing *United States v. Lawrence*, 308 F.3d 623, 626 (6th Cir.2002), (Discovery of plastic bags containing wrappers with cocaine residue in the defendant's trash established probable cause to search residence, even in the absence of the confidential tip that

precipitated the trash pulls).[1] Contrary to appellant's assertion, Detective Planck's lack of knowledge of the informant's identity did not undermine the judge's probable cause determination.

{¶ 16} In our view, the more important averments in Detective Planck's affidavit are those regarding the evidence uncovered in appellant's trash including soil and plant residue, empty boxes from a hydroponics company, and green stems that field-tested positive for THC. While appellant argues that there may be innocent explanations for the presence of some of the incriminating items found in his trash, the question is whether the affidavit provides a substantial basis for Judge Peeples to conclude that there was a fair probability that police would find evidence of a marijuana growing operation in a search of appellant's residence. *Edwards; Robinson.* Applying the appropriate standard of review, we conclude that the affidavit supplies probable cause to search appellant's home.

{¶ 17} For the foregoing reasons, appellant's first assignment of error is overruled.

**2) Request for Admissions**

{¶ 18} In appellant's third assignment of error, appellant contends that the trial court abused its discretion when it permitted the State to present evidence in support of facts that the State had previously admitted. We disagree.

{¶ 19} On January 16, 2013, appellant served the State with its first request for admissions. When the State failed to respond to the request for admissions, appellant filed a notice with the court asserting that the State had admitted the matters by operation of Civ.R. 36(A)(1). The State moved the court for leave to present its evidence on the matters at the evidentiary hearing. The trial court determined that Civ.R. 36(A)(1) did not apply because appellant served its discovery request beyond the discovery cut-off date set out in the court's original scheduling order.

---

[1] *See also United States v. Patton*, 6th Cir. No. 09-5887 (Jan. 4, 2011), (Remnants of marijuana cigarettes, marijuana seeds and stems, and a plastic bag containing marijuana residue found in the suspect's trash, standing alone, provide a fair probability that evidence of drug possession would turn up in a search of defendant's home); *United States v. Briscoe*, 317 F.3d 906, 908-09 (8th Cir.2003) (Where police found marijuana seeds and stems in the suspect's trash, evidence was sufficient, standing alone, to justify the issuance of a search warrant).

{¶ 20} In his third assignment of error, appellant argues that its request for admissions was timely served inasmuch as the trial court impliedly vacated the original discovery cut-off date when it stayed the case due to the pending criminal proceedings. However, the trial court's stay order does not specifically mention discovery, nor did the trial court set a new discovery cut-off date when it lifted the stay. Appellant did not seek leave of court to serve the request for admissions. Thus, the record arguably supports the trial court's ruling that appellant failed to timely serve the State.

{¶ 21} Moreover, Civ.R. 36(B) permits the withdrawal of previous admissions "when the presentation of the merits will be subserved thereby." Given the broad scope of the matters covered by appellant's request for admissions, there is no question that the withdrawal of the admissions would facilitate the presentation of the merits. Under the circumstances, we cannot say that the trial court abused its discretion by permitting the State to present evidence regarding matters allegedly admitted. Appellant's third assignment of error is overruled.

**3) Expert Testimony**

{¶ 22} In his fourth assignment of error, appellant argues that the trial court erred when it permitted Detective Planck to testify regarding the reports issued by the State's criminologist.[2] Appellant argues that the contents of the reports are inadmissible because the State failed to timely disclose the reports to appellant as required by a court order and because the reports are hearsay. Appellant further maintains that, absent Planck's testimony regarding the results of the reports, the State presented no evidence to substantiate its claim that the substance seized from appellant's home was, in fact, marijuana.

{¶ 23} While we agree that Planck's testimony regarding the results of the criminologist's report was arguably inadmissible, we find that any error with respect to the admission of such testimony was harmless to the proceedings given appellant's own testimony that he grew marijuana in his home for personal consumption and given the fact that appellant had been convicted of the misdemeanor offense of cultivating marijuana. The question whether marijuana was recovered from the search of appellant's

---

[2] In the interest of clarity, we will consider appellant's second assignment of error last.

home was simply not in dispute. Moreover, the magistrate expressly stated that the objectionable testimony did not impact the ruling on the merits of the forfeiture petition. (Magistrate's Decision, 7.)

{¶ 24} For the foregoing reasons, appellant's fourth assignment of error is overruled.

**4) Competent, Credible Evidence**

{¶ 25} Having determined that the State seized the cash recovered in the search of appellant's home pursuant to a constitutionally valid search warrant, the next question is whether the cash was "[p]roceeds derived from or acquired through the commission of an offense." R.C. 2981.02(A)(2). Appellant argues that there was no direct evidence linking the cash to the commission of a drug offense.

{¶ 26} According to Detective Planck's testimony, the City of Columbus Police Department received an anonymous tip that marijuana was being grown at the residence located at 2226 West Mound Street. As a result of the tip, Detective Planck conducted a "trash pull" which uncovered evidence corroborating the anonymous tip, including organic plant material that field-tested positive for marijuana. After receiving information, via subpoena, of relatively high power usage at the residence, Detective Planck conducted a second "trash pull" which yielded further evidence of a growing operation. Detective Planck testified that he incorporated his findings into an affidavit and that he presented the affidavit to Judge Peeples, who issued a search warrant for the home.

{¶ 27} On January 14, 2011, Detective Planck and his team executed the search warrant. According to Detective Planck, in addition to the large sum of cash at issue herein, he recovered the following items from appellant's home: 23 marijuana plants in labeled pots, grow lights, potting soil, ventilation equipment, vermiculite, dehumidifiers, empty pots and plastic bags, a bag of marijuana, a pan containing marijuana, and a number of plastic containers containing marijuana, totaling approximately 240 grams. In short, the search uncovered evidence of a sizeable marijuana growing operation which would have produced relatively large quantities of marijuana and which would have required considerable sums of money to maintain.

{¶ 28} Appellant argues that the marijuana he grew in his home was strictly for treatment of his hypertensive disorder and for relief of stress, not for sale. He also claims that he obtained the rather large sum of cash found on his person from various sources, including roofing work he performed for cash, tax refunds received by him and his fiancé, and cash tips his fiancé received from her job as a waitress.  Appellant, however, did not provide any documentation corroborating his claims. The magistrate determined that appellant's testimony was not credible given the large sum of cash found at the residence and the absence of corroborating documentation.   The trial court agreed with the magistrate's assessment of appellant.

{¶ 29}  As a general rule, we defer to the trial court's determination of witness credibility in a civil forfeiture action. *State v. Hall*, 8th Dist. No. 9295, 2010-Ohio-1665. And, we disagree with appellant's contention that the State cannot prove that cash recovered from his person was proceeds of drug trafficking absent direct evidence that he sold the marijuana. *State v. Owen,* 2d Dist. No. C.A. 3039 (Dec. 29, 1993) (Even though defendant was charged with  marijuana possession only, the State proved circumstantially that the $1,191 in cash found on defendant's person was proceeds from the sale of marijuana where defendant possessed a much greater quantity of marijuana than he claimed to require for his personal use).  Here, the trial court's determination finds support from the fact that police recovered the large sum of cash in a home containing 23 marijuana plants in labeled pots, 240 grams of marijuana, a digital scale and a thriving marijuana growing operation.  In our view, given the scope of the marijuana growing operation found at appellant's home, the obvious time and expense associated with such an operation, and the quantity of marijuana recovered, it was certainly reasonable for the trial court to conclude that the large sum of cash found on appellant's person was "[p]roceeds derived from or acquired through the commission of an offense." R.C. 2981.02(A)(2). Appellant's claim that he required a growing operation of this scale simply to satisfy his own personal needs is simply not credible.

{¶ 30} However, we find that the State failed to satisfy its burden of proof with regard to the $233 found in a basket in the kitchen. The evidence shows that someone in the home intentionally segregated that sum of money from the cash appellant kept on his

person. The sum of $233, in one dollar bills, is also quite small in comparison to the sum of cash found on appellant's person. These facts corroborate appellant's claim that this particular sum of cash was derived from a separate source. Additionally, one would not expect there to be any documentary proof for cash received as tips. In short, the weight of the evidence does not support the conclusion that the $233 in cash found in a basket in the kitchen was proceeds derived from or acquired through the commission of an offense.

{¶ 31} In short, with the exception of the $233 found in the jar in the kitchen, we find that there is competent, credible evidence in the record to support the trial court's conclusion that the sums of cash found in appellant's home was "[p]roceeds derived from or acquired through the commission of an offense." R.C. 2981.02(A)(2). Accordingly, appellant's second assignment of error is sustained in part.

**E. Conclusion**

{¶ 32} Having overruled appellant's first, third, and fourth assignments of error, but having sustained appellant's second assignment of error in part, the judgment of the Franklin County Court of Common Pleas is affirmed in part, and reversed in part, and the case is remanded to the trial court for further proceedings consistent with the law and this decision.

*Judgment affirmed in part; reversed in part;*
*remanded for further proceedings*

SADLER, P.J. and TYACK, J., concur.

———————————