[Cite as *State v. Thomas*, 2014-Ohio-1489.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellant,              :               No. 12AP-928
                                                                 (C.P.C. No. 11CR-04-2004)

v.                                               :

                                                                 (REGULAR CALENDAR)

Demetrius Thomas,                                :

      Defendant-Appellee.               :

---

D E C I S I O N

Rendered on April 8, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellant.

*Fred Thomas,* for appellee.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio ("state"), from an entry of the Franklin County Court of Common Pleas granting a motion to suppress filed by defendant-appellee, Demetrius Thomas.

{¶ 2} On April 15, 2011, appellee was indicted on one count of illegal cultivation of marijuana, in violation of R.C. 2925.04. On February 16, 2012, he filed a motion to suppress, arguing in part that a search warrant executed at his residence was not supported by probable cause. On September 19, 2012, the state filed a memorandum contra the motion to suppress.

{¶ 3} On September 27, 2012, the trial court conducted a hearing on the motion to suppress. During the hearing, the state presented the testimony of Franklin County Sheriff's Detective Jeffrey Edwards, who has been a detective with the sheriff's department more than ten years, with approximately eight years experience as a narcotics detective. He has conducted "[h]undreds" of narcotics investigation, and executed 70 to 200 search warrants. (Tr. 7.)

{¶ 4} In April 2010, Detective Edwards received an anonymous tip from a citizen regarding "marijuana activity" at appellee's residence. (Tr. 8.) Detective Edwards went to appellee's residence, located at 5922 Wellbrid Drive, but "[n]obody was home." (Tr. 11.) He walked past the garage door and "smelled the aroma of marijuana." (Tr. 11.) Detective Edwards testified he was familiar with the smell of marijuana, having investigated "many, many grows." (Tr. 11.) He also obtained a subpoena for electricity usage records for the residence, as well as the usage records for "three surrounding houses on the same road." (Tr. 9.) According to Detective Edwards, the electricity usage at appellee's residence was "extremely high" in comparison to the other area residences. (Tr. 10.) He testified that the high electrical usage "is indicative of a lot of grow lights in a residence sucking up electricity, which pretty much tells me that there would probably be a grow in that house." (Tr. 11.)

{¶ 5} Detective Edwards prepared a search warrant affidavit based upon the information he had obtained. A judge with the Franklin County Municipal Court signed the warrant, and Detective Edwards and other law enforcement officers executed the warrant at appellee's residence on September 29, 2010. The officers discovered marijuana "in various parts of the house," including "live plants in the basement," as well as "several dead plants in the garage." (Tr. 14.) The officers also found "U.S. currency in various parts of the house" and a weapon. (Tr. 14.)

{¶ 6} By decision and entry filed October 22, 2012, the trial court held that the issuing judge "did not have a substantial basis for concluding that probable cause existed." The court therefore granted appellee's motion to dismiss and also dismissed the indictment.

{¶ 7} On appeal, the state sets forth the following two assignments of error for this court's review:

[I.] THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUPPRESSING THE EVIDENCE OBTAINED PURSUANT TO THE SEARCH WARRANT.

[II.] THE TRIAL COURT ERRED BY DISMISSING THE INDICTMENT.

{¶ 8} Under its first assignment of error, the state asserts that the trial court erred in suppressing the evidence obtained pursuant to the search warrant. The state argues that the affidavit of Detective Edwards provided independent police corroboration of the tip sufficient to establish probable cause.

{¶ 9} An appellate court's review of a motion to suppress "involves a mixed question of law and fact. 'In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility.' " *State v. Baro,* 10th Dist. No. 12AP-968, 2013-Ohio-5139, ¶ 7, quoting *State v. Curry*, 95 Ohio App.3d 93, 96 (8th Dist.1994). A reviewing court "must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence." *Id.*, citing *State v. Claytor*, 85 Ohio App.3d 623, 627 (4th Dist.1993). Further, "[a]ccepting the facts as true, the reviewing court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard." *Id.*, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 10} In determining whether an affidavit submitted in support of a search warrant demonstrates probable cause, " '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " *State v. George,* 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983). Further, "reviewing courts may not substitute their own judgment for that of the issuing magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which the reviewing court would issue the search warrant." *Id.* at 330. Rather, "under the totality-of-the-circumstances analysis of *Gates*," the issue

before the court is whether the detective's affidavit "provided a substantial basis for the magistrate's conclusion that there was a fair probability that marijuana or related paraphernalia would be found in the defendant's residence." (Emphasis omitted.) *Id.* A reviewing court should "accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.* at ¶ 2 of the syllabus, citing *Gates*.

{¶ 11} With respect to confidential or anonymous informants, "their veracity, reliability and basis of knowledge are all highly relevant in determining probable cause," and thus " '[t]here must be some basis in the affidavit to indicate the informant's credibility, honesty or reliability.' " *State v. Pustelnik,* 8th Dist. No. 91779, 2009-Ohio-3458, ¶ 22, quoting *State v. Harry,* 12th Dist. No. CA2008-01-0013, 2008-Ohio-6380, ¶ 20. However, "a deficiency in one of these principles does not negate probable cause if there is a strong showing on another or if there is some other indicia of reliability." *Id.*, citing *Gates*. Ohio courts have held that, even where there is an absence of evidence in an affidavit to demonstrate an affiant's prior knowledge of the veracity of a confidential informant, corroboration of the informant's statements by police investigation can provide "sufficient indicia of the reliability and veracity of the informant's statements." *Id.* at ¶ 23.

{¶ 12} In the instant case, the affidavit submitted to the municipal court judge includes the following information: (1) Detective Edwards has over ten years of law enforcement experience; for the past 65 months he has been assigned to the Special Investigation Unit conducting undercover narcotics investigations, and he has participated in over 150 search warrants, (2) in April 2010, a confidential source informed Detective Edwards that appellee, the occupant of 5922 Wellbrid Drive, Galloway, was suspected of growing marijuana inside his residence, (3) the detective learned that appellee has a lengthy criminal history, (4) on September 21, 2010, the detective approached the main entrance of 5922 Wellbrid Drive and smelled the odor of marijuana emanating from the garage door area of the residence, (5) on September 27, 2010, Detective Edwards received subpoena results from the American Electric Power Company showing an unusually high kilowatt usage for 5922 Wellbrid Drive for the months of April through September 2010, indicating an extensive marijuana grow could be inside the

residence, and (6) the detective received three additional subpoena results from neighboring residences of similar size and shape which show "far less kilowatt usage over the same time period."

{¶ 13} In granting appellee's motion to suppress, the trial court found the affidavit lacking in information to support the "informant's credibility." Under the *Gates* analysis, however, "the focus of the probable cause inquiry is the *totality of the circumstances* presented in the affidavit, not each component standing alone." (Emphasis sic.) *State v. Robinson,* 7th Dist. No. 10 CO 37, 2011-Ohio-6639, ¶ 23, citing *George,* citing *Gates.* Thus, "[e]ven in cases involving anonymous informants, a tip is sufficient where certain important or key elements of the tip are corroborated by police observation or investigation." *State v. Ross,* 6th Dist. No. L-96-266 (Jan. 16, 1998). *See also State v. Goddard,* 4th Dist. No. 97CA23 (Oct. 2, 1998) (while affidavit was lacking in showing a basis for anonymous informant's knowledge and in establishing his veracity, the corroborating efforts by police officers made search constitutional). Nor did the investigative officer in this case "need probable cause to follow-up on the anonymous tip." *State v. Baas,* 10th Dist. No. 13AP-644, 2014-Ohio-1191, ¶ 15 (detective's lack of knowledge of the informant's identity did not undermine the judge's probable cause determination).

{¶ 14} Upon review of the affidavit, we agree with the state that the information provided by the detective was sufficient for the municipal court judge to issue the search warrant. Here, the detective corroborated the informant's tip when he went to the residence and smelled the odor of marijuana emanating from the garage. The Supreme Court of Ohio has held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." *State v. Moore,* 90 Ohio St.3d 47, 53 (2000). The affidavit included additional corroborating information in the form of the electric usage records obtained by the detective, reflecting that appellee's residence had an unusually high kilowatt usage, and that similar residences indicated far less electric usage over the same period of time. *See State v. Gantz,* 106 Ohio App.3d 27, 34 (10th Dist.1995) (evidence that defendant's electrical bill was larger than comparable residences in the area tended to corroborate informant's statement that defendant was growing marijuana inside residence). The affidavit also

outlined the detective's qualifications, training and experience with narcotics investigations. Based upon the totality of the circumstances, the issuing municipal court judge had a substantial basis to conclude there was a fair probability that the residence at 5922 Wellbrid Drive was the site of marijuana cultivation. *See, e.g., State v. Green,* 8th Dist. No. 99196, 2013-Ohio-3728, ¶ 15 (anonymous tip and officer's observations of strong smell of marijuana, exterior ventilation system and running air conditioner sufficient to support probable cause of marijuana grow operation).

{¶ 15} Accordingly, we sustain the state's first assignment of error.

{¶ 16} Under the second assignment of error, the state contends the trial court erred in dismissing the indictment. The state notes that the last sentence of the trial court's decision, following the court's granting of the motion to suppress, states: "Accordingly, the indictment is hereby DISMISSED." The state argues that the trial court's use of the word "accordingly" indicates the court felt that the suppression of the evidence authorized it to dismiss the indictment.

{¶ 17} In light of our determination that the trial court erred in granting the motion to suppress, we further conclude that the trial court erred in dismissing the indictment. *See State v. Moore,* 1st Dist. No. C-130170, 2013-Ohio-5613, ¶ 7 ("If a motion requires the examination of evidence beyond the face of the indictment or complaint, the issue must be presented in a motion for acquittal at the close of the state's case."). We therefore sustain the state's second assignment of error.

{¶ 18} Based upon the foregoing, the first and second assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

KLATT and CONNOR, JJ., concur.

_____